The **STATE** of Ohio, Appellee,

v.

**CAMPBELL, Appellant.**

[Cite as *State v. Campbell* (1993), 85 Ohio App.3d 510.]

Court of Appeals of Ohio,
Warren County.

No. CA92–03–026.

Decided March 29, 1993.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Gregory M. Clark,* Assistant Prosecuting Attorney, for appellee.

*Christopher J. Cornyn,* for appellant.

---

WALSH, Judge.

Defendant-appellant, Michelle Lynn Campbell, was indicted by the Warren County Grand Jury on June 7, 1991 on two counts of grand theft in violation of R.C. 2913.02(A)(3) and four counts of falsification in violation of R.C. 2921.-13(A)(4). The indictment was filed after the Warren County Department of Human Services ("WCDHS") discovered that appellant had misrepresented her address when she applied for general assistance payments from WCDHS. Instead of residing in Warren County as she stated in her application, appellant actually lived in adjacent Butler County.

Appellant entered a plea of no contest to the two grand theft counts and a plea of guilty to the four falsification counts. Following a hearing on January 21, 1992, the court accepted appellant's plea on the falsification counts and found her guilty, but found her not guilty on the grand theft counts. Sentencing on the falsification convictions was postponed until a presentence investigation was completed.

On February 26, 1992, after receiving the presentence report, the court sentenced appellant. It fined her $500, ordered her to serve sixty days in jail on each of the four falsification convictions, which it suspended, and placed her on unsupervised probation. Appellant was also ordered to make restitution to WCDHS in the sum of $2,028, which represented the amount of assistance she received through WCDHS from August 28, 1989 through June 7, 1991. This appeal followed.

Appellant argues in her only assignment of error that the portion of her sentence which requires her to make restitution constitutes an abuse of the

court's discretion under the guidelines set forth in R.C. 2929.22(A) and 5113.07. It is appellant's position that because she was entitled to general assistance benefits regardless of whether she lived in Butler County or Warren County, it was erroneous for the trial court to order her to repay the benefits she received from WCDHS.

To begin, we find appellant's reliance on R.C. 2929.22 to be misplaced. R.C. 2929.22 deals specifically with the procedure a sentencing court must undertake before imposing either a fine or imprisonment, or both, on a criminal defendant convicted of a misdemeanor. As the statute makes no mention of restitution, it is not relevant to the case at hand.

Further, this court also finds R.C. 5113.07 inapplicable to the instant action. While R.C. 5113.07 expressly allows for the recoupment of general assistance payments that have been erroneously paid to individuals not entitled to receive such payments, the statute is germane only in civil, and not criminal, actions.

■ In light of appellant's assertion that the trial court erred in ordering her to make restitution, it is our belief the relevant statute is R.C. 2929.21, which reads in part:

"(E) The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. * * *"

Courts interpreting R.C. 2929.21(E) have held that the right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. *State v. Fyffe* (1990), 67 Ohio App.3d 608, 617, 588 N.E.2d 137, 142; *State v. Clifton* (1989), 65 Ohio App.3d 117, 123, 583 N.E.2d 326, 329; *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270, 1271.

■ Applying R.C. 2929.21(E) to the restitution order imposed by the trial court *sub judice,* we conclude that the order is permissible. The amount the trial court ordered appellant to repay WCDHS bears a reasonable relationship to the loss suffered by WCDHS as a result of appellant's criminal act. That appellant may have been legally able to secure general assistance payments from some other source does not change the fact that appellant violated the law in order to obtain the money. Since she received the payments from WCDHS only after making a misrepresentation as to her address, appellant should be made to make restitution.

Finally, this court observes that the sentencing entry made by the trial court erroneously states that appellant had been found guilty of R.C. 2913.-13(A)(4), not R.C. 2921.13(A)(4). In fact, R.C. 2913.13(A)(4) was repealed in 1974. Because both the indictment which charged appellant with falsification and the adjudication entry which found her guilty of falsification correctly identify the current numerical designation of that offense, we find appellant has not been prejudiced by the error in the sentencing entry. Nonetheless, in order to ensure that a proper record has been made, we instruct the trial court to prepare a new sentencing entry that reflects that appellant has been convicted of falsification, in violation of R.C. 2921.13(A)(4).

On the basis of the aforementioned, this court finds that the trial court's sentence ordering appellant to make restitution to WCDHS was not reversible error. Accordingly, we hereby overrule appellant's sole assignment of error.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.