OPINION
{¶ 1} Defendant-appellant, Michael Lunsford, appeals his sentence in the Butler County Court of Common Pleas for robbery and grand theft of a motor vehicle.
 {¶ 2} June 30, 2001 was quite an eventful day for appellant. Indeed, that day, appellant stole a car, stole a purse containing a wallet with credit cards, using force on the victim to flee the scene with her purse, successfully used the credit cards in five different stores, unsuccessfully tried to use the credit cards in two other stores, stole $60 worth of lottery tickets, and finally resisted arrest while being apprehended by the police. As a result, appellant was charged with one count of robbery, one count of grand theft of a motor vehicle, five counts of misuse of a credit card, one count of petty theft, and one count of resisting arrest. Appellant pled guilty to all nine counts.
 {¶ 3} The trial court accepted the guilty plea, and sentenced appellant to five years in prison for the robbery charge and one year in prison for the grand theft charge, both sentences to be served consecutively. The trial court also sentenced appellant to six six-month jail terms for the misuse of credit card charges and the petty theft charge, and to one 90-day jail term for the resisting arrest charge, all to be served concurrently with the prison terms. The trial court also ordered appellant "to pay all restitution and costs of prosecution, counsel costs and any fees permitted pursuant to [R.C.] 2929.18(A)(4)." Appellant now appeals, raising two assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by imposing consecutive prison sentences. Appellant contends that the trial court failed to make the required statutory findings and to state adequate reasons to support its determination.
 {¶ 5} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 6} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense.
 {¶ 7} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in order to impose consecutive sentences upon an offender. State v. Boshko (2000), 139 Ohio App.3d 827,839. However, the trial court must state sufficient supporting reasons for the imposition of such sentences. R.C. 2929.19(B)(2)(c); Boshko at 838.
 {¶ 10} In its sentencing entry, the trial court found that consecutive sentences were required because appellant had committed the multiple offenses while under a post-release control sanction. This finding meets the requirements of R.C. 2929.14(E)(4)(a). The trial court did not make the other two required statutory findings in its sentencing entry. However, during the sentencing hearing, the trial court stated that consecutive sentences were necessary "to protect the public from future crime, and to punish [appellant,]" and that they were "not disproportionate to the seriousness of [appellant's] conduct, and the danger [appellant] poses to the public." These two findings meet the requirements of R.C. 2929.14(E)(4).
 {¶ 11} A review of the sentencing hearing also establishes that the trial court stated sufficient reasons to support its decision to impose consecutive sentences. During the hearing, the trial court again noted how appellant committed multiple offenses while under a court sanction. The trial court also noted how appellant dragged the owner of the stolen purse with his car as the victim was trying to get her purse back. The trial court found that as a result of the robbery, the victim suffered serious psychological and economic harm. The trial court commented how victims of robbery "generally don't get over it. They're forever walking around * * * somewhat paranoid about when they're gonna get robbed again." While discussing the seriousness and recidivism factors, the trial court again found that appellant was under court sanction when he committed the offenses, that he had a history of criminal convictions dating back to 1990, which included a previous prison sentence, that he had a pattern of drug or alcohol abuse, and that he had failed in the past to respond favorably to probation or parole. We find the trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant argues that it was error for the trial court to impose restitution, fees, and counsel costs without first considering his current and future ability to pay.
 {¶ 13} We first start with the trial court's decision to order restitution. Although it is not clearly apparent from the record, we assume that the ordered restitution was for appellant's misdemeanor theft offenses (misuse of a credit card and petty theft).
 {¶ 14} R.C. 2929.21(E) provides in pertinent part that a trial court "may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense and for all or part of the value of the property that is the subject of any theft offense * * * that the person committed." Unlike the statutory provisions governing restitution and fines for felony offenses, and court-appointed attorney fees, R.C.2929.21(E) does not require a trial court to consider a defendant's ability to pay before imposing restitution.
 {¶ 15} Nevertheless, we find that the trial court improperly ordered restitution. It is well-established that the right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. State v. Campbell (1993), 85 Ohio App.3d 510, 512. The trial court's judgment entry, while ordering restitution, does not include any monetary amount. The issue of restitution was not brought up at trial, other than the trial court's sole statement to appellant that he would be required to make restitution, and there is nothing in the record that would show the damages as being proved; rather, appellant was summarily ordered to pay restitution without being provided an opportunity to challenge the amount claimed. We therefore reverse the trial court's order of restitution and remand the matter for the trial court to hold an evidentiary hearing on the amount of restitution to be ordered. State v.Breedlove (July 11, 1994), Butler App. No. CA93-12-230.
 {¶ 16} A trial court may impose financial sanctions upon felony offenders. R.C. 2929.18(A). Before it imposes such sanctions, however, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin (2000), 140 Ohio App.3d 326, 338. The trial court is not required to hold a hearing to comply with R.C. 2929.19(B)(6), although it may choose to do so pursuant to R.C. 2929.18(E). "All that is required under R.C. 2929.19(B)(6) is that the trial court `consider the offender's present or future ability to pay.'" Id. Compliance with R.C.2929.19(B)(6) can be shown when a trial court considers a Presentence Investigation Report ("PSI") that details pertinent financial information. Id. at 338-339.
 {¶ 17} In the case at bar, while there is no mention of appellant's ability to pay fines in the final judgment entry or in the transcript of the sentencing hearing, the trial court did indicate in its judgment entry that it had considered the PSI submitted in this case. Although the PSI is not part of the public record, it is part of the appellate record for our review. R.C. 2953.08(F). The PSI provided information regarding appellant's present and future ability to pay the fines, including his age, health, education, and work history. Id. at 339. We therefore find that the trial court complied with R.C.2929.19(B)(6) before ordering appellant to pay "any fees permitted pursuant to [R.C.] 2929.18(A)(4)."
 {¶ 18} R.C. 2941.51 governs court-appointed attorney fees and provides in relevant part that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." R.C. 2941.51(D). There is no mention of appellant's ability to pay court-appointed attorney fees in the final judgment entry or in the transcript of the sentencing hearing. As previously noted, however, the trial court indicated in its judgment entry that it had considered the PSI submitted in this case. The PSI provided information regarding appellant's present and future ability to pay, including his age, health, education, and work history. Under these circumstances, we find that the trial court complied with R.C. 2941.51(D) before ordering appellant to pay court-appointed attorney fees. State v. Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062, at ¶ 43. Appellant's second assignment of error is sustained in part and overruled in part.
 {¶ 19} We therefore reverse the judgment of the trial court as to the restitution and affirm the judgment in all other respects. The matter is remanded to the trial court for a determination, following an evidentiary hearing, of the amount of restitution to be ordered.
WALSH, P.J., and VALEN, J., concur.