OPINION
{¶ 1} Defendant-appellant, Eric Back, appeals his sentence in the Butler County Court of Common Pleas for burglary and attempted aggravated arson. We affirm in part, reverse in part, and remand this matter to the trial court.
 {¶ 2} In October 2002, appellant pled guilty to charges of burglary and aggravated arson. The charges arose from a series of incidents which occurred on August 16, 2002. After ingesting a considerable number of Valium tablets and consuming alcohol, appellant broke into several automobiles and set fire to the residence at 1805 Carolina, in Middletown, causing substantial damage.
 {¶ 3} At sentencing, the trial court ordered appellant to pay restitution to the victims of his crimes, including $1,500 to Serena Egbert, and amounts to Melissa Phillips, Thomas Wells, and Brandon Lynch, which were "to be determined at a later date." Appellant was also fined $3,000 on each count. He appeals his sentence, raising two assignments of error:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of defendant-appellant in ordering restitution where the state of Ohio failed to establish the amount of restitution to a reasonable degree of certainty as required under R.C. 2929.18 and said sentence denied defendant-appellant due process of law pursuant to the fifth andfourteenth amendments to the United States Constitution and article I, section 16 of the Ohio Constitution."
 {¶ 6} In his first assignment of error, appellant argues that the order of restitution to each of the victims is deficient for varying reasons.
 {¶ 7} R.C. 2929.18 permits the trial court to order restitution "to the victim of the offender's crime *** in an amount based upon the victim's economic loss." The right to order restitution is limited to the actual loss or damage caused by the offense for which the defendant is convicted, and the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered. State v. Campbell
(1993), 85 Ohio App.3d 510, 512.
 {¶ 8} We first address the trial court's order that appellant pay $1,500 in restitution to Egbert. It is appellant's contention that the amount of this order was not established to a reasonable degree of certainty.
 {¶ 9} Egbert was a tenant in the property that appellant set on fire. The order of restitution was based in part on Egbert's representation, found in the presentence investigative report ("PSI"), that she lost clothing and an antique dresser, valued at $1,500, in the fire. A victim's advocate also indicated that Egbert's economic loss was $1,500. The trial court expressly stated that it had considered the PSI when making the order of restitution. Appellant did not offer any contrary evidence at the sentencing hearing.
 {¶ 10} Having reviewed the record, including the PSI, we conclude that the order of restitution was established to a reasonable degree of certainty, and thus affirm the order of restitution to Egbert.
 {¶ 11} We next address the trial court's order that appellant make restitution to Lynch, in an indeterminate amount. The PSI is silent as to the economic harm, if any, Lynch suffered, and in fact indicates that the property which appellant stole from his automobile was returned to him. At the sentencing hearing, the trial court found: "Lynch received back his 90 CDs, and he is not owed any restitution." Nevertheless, in its sentencing entry, the trial court ordered appellant to make restitution to Lynch in an "amount to be determined."
 {¶ 12} The only evidence in the record indicates that Lynch suffered no economic harm. We thus agree with appellant's contention that this order is unsupported by the record, and was made in error. To this extent, the assignment of error is sustained and we vacate the order that appellant make restitution to Lynch.
 {¶ 13} Finally, we address the trial court's order that appellant make restitution to Wells and Phillips, the owners of the vehicles that appellant broke into. With regard to both of these individuals, the trial court ordered that appellant pay restitution in an "amount to be determined." The state concedes in its appellate brief that this order does not comply with the requirements of R.C. 2929.18, as it fails to establish the amount owed. We agree with the state and appellant, that the trial court is required by R.C. 2929.18(A)(1) to determine the specific amount of restitution to be paid by a defendant. The trial court's failure to do so is reversible error. See State v. Clark (June 19, 1998), Greene App. No. 97-CA-27; State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001. Because the trial court's order of restitution is deficient in this respect, we sustain the assignment of error as it relates to the order of restitution to Wells and Phillips.
 {¶ 14} However, while appellant argues that the order of restitution must be vacated, the state contends that the matter should be remanded to the trial court for resentencing in accordance with R.C.2929.18. Appellant argues that remanding the matter would violate the prohibition against double jeopardy as it would be tantamount to enhancing his criminal penalty after he has acquired a reasonable expectation of finality in his sentence.
 {¶ 15} We disagree. Although appellant has begun serving his term of incarceration, he has not yet paid the indefinite order of restitution. Indeed, appellant cannot have had any expectation of finality in an order that he pay restitution in amount to be determined sometime in the future. See, e.g., State v. Shenefeld (1997),122 Ohio App.3d 475. We thus find that remanding the matter to the trial court presents no violation of appellant's right not to be placed in jeopardy twice for the same offense. Instead, in the instance where an order of restitution is made, but no definite sum included in the order, the trial court should be given an opportunity to clarify its order of restitution. Clark, Greene App. No. 97-CA-27; Stevens, Clinton App. No. CA98-01-001; accord Shenefeld. Accordingly, we remand the matter to the trial court to determine the specific amount of restitution.
 {¶ 16} The first assignment of error is overruled in part, sustained in part, and this matter is remanded to the trial court.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The Trial Court Erred To The Prejudice Of Defendant-appellant By Requiring Defendant-appellant To Pay Fines In The Amount Ordered, Which Portion Of The Sentence Was Contrary To Law And Not Supported By The Record."
 {¶ 19} In his second assignment of error, appellant does not actually argue that the trial court erred by ordering he pay fines. Rather, he requests that this court "review the presentence investigative report to determine whether the trial court's finding is supported by the record."
 {¶ 20} A trial court may impose financial sanctions upon felony offenders. R.C. 2929.18(A). Before it imposes such sanctions, however, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin (2000), 140 Ohio App.3d 326, 338. "All that is required under R.C. 2929.19(B)(6) is that the trial court `consider the offender's present or future ability to pay.'" Id. Compliance with R.C.2929.19(B)(6) can be shown when a trial court considers a PSI that details pertinent financial information. Id. at 338-339.
 {¶ 21} In compliance with R.C. 2929.19(B)(6), the trial court stated that it had considered appellant's "resources and ability to pay" before imposing the fines and ordering restitution. The trial court further indicated that it had considered the PSI submitted in this case. Although the PSI is not part of the public record, it is part of the appellate record for our review. R.C. 2953.08(F). The PSI provides information regarding appellant's present and future ability to pay the fines, including his age, health, education, and work history. Id. at 339. The imposition of the fines is supported by the record and was made consistent with R.C. 2929.18. The second assignment of error is overruled.
 {¶ 22} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings.