OPINION
{¶ 1} Defendant-appellant, Vincent Patterson, appeals a decision of the Warren County Court of Common Pleas ordering him to pay restitution.
 {¶ 2} Appellant was indicted in October 2003 for one count of felonious assault. The state alleged that on September 7, 2003, appellant punched Roger Brinkman in the face while Brinkman lay unconscious on the ground at a bar in Lebanon, Ohio, and that as a result, Brinkman suffered several injuries, including a broken eye orbit, loss of vision, hemorrhaging on the brain, and memory loss. Appellant pled no contest to one count of aggravated assault. By judgment entry filed March 23, 2004, the trial court sentenced appellant to three years of community control and ordered him to pay "restitution. Amount to be determined in civil suit. Defendant to pay $50 per week toward restitution." Appellant did not object to that sentencing entry and did not appeal it.
 {¶ 3} In August 2004, the trial court granted a motion filed by Brinkman and ordered that the restitution funds held in escrow be released to him. In March 2005, Brinkman dismissed his civil action against appellant without prejudice. The state then moved the trial court to determine the amount of restitution owed to Brinkman. During a restitution hearing, evidence was introduced that Brinkman had paid $4,079.02 in out-of-pocket expenses as a result of the assault, and that appellant had paid $1,280 toward restitution. By entry filed July 12, 2005, the trial court found that appellant owed $4,079.02 in restitution to Brinkman and ordered appellant to pay restitution as ordered in the March 23, 2004 sentencing entry. Appellant appeals, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT WAS WITHOUT JURISDICTION TO CONVENE A RESTITUTION HEARING AND TO ORDER APPELLANT TO PAY RESTITUTION AFTER SENTENCING."
 {¶ 6} Appellant argues that once Brinkman voluntarily dismissed his civil action against appellant, the trial court had no jurisdiction to hold a restitution hearing and to order appellant to pay restitution. Specifically, appellant asserts that after the March 23, 2004 judgment entry imposing sentence was journalized, jeopardy attached, and appellant had a legitimate expectation of finality in his sentence as stated in the March 23, 2004 entry. As a result, the trial court had no authority to reconsider its March 23, 2004 judgment entry.
 {¶ 7} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects individuals against multiple punishments for the same offense. North Carolina v.Pearce (1969), 395 U.S. 711, 717-718, 89 S.Ct. 2072. Its primary purpose is to preserve the finality or integrity of judgments.United States v. DiFrancesco (1980), 449 U.S. 117, 128,101 S.Ct. 426. "An individual's legitimate expectation of finality in his or her sentence is a key factor in determining whether or not double jeopardy protections are implicated." State v. Bell,
Franklin App. No. 03AP-1282, 2004-Ohio-5256, ¶ 12.
 {¶ 8} The sentence in a criminal case constitutes the judgment. Id. at ¶ 13. A court does not have authority to reconsider its own valid final judgment in a criminal case.State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 599.
 {¶ 9} Upon reviewing the record, we find that no double jeopardy violation occurred as appellant did not have an expectation of finality from the original March 23, 2004 sentencing entry. This case does not involve the imposition by the trial court at a later date of an additional or increased amount of restitution, such as when a trial court sets forth a definite sum in restitution but later amends the original sentence to increase the amount of restitution or impose an additional sum in restitution. See, e.g., State v. Cockerman
(1997), 118 Ohio App.3d 767; State v. Fair (June 13, 1990), Summit App. No. 14343. Here, while the trial court ordered appellant to pay $50 per week toward restitution, it did not set forth a definite amount of restitution, stating instead that the amount would be determined in a civil suit. Appellant cannot have had any expectation of finality in an order that he pay restitution in an amount to be determined sometime in the future.State v. Back, Butler App. No. CA2003-01-011, 2003-Ohio-5985, ¶15.
 {¶ 10} After Brinkman's civil suit against appellant was dismissed, the trial court held a hearing and set forth a definite amount of restitution. "Once the jurisdiction of [a] common pleas court has been properly invoked by a valid indictment, such jurisdiction is lost only by a proper judicial termination of the case." State v. Shenefield (1997),122 Ohio App.3d 475, 481. Sentencing irregularities will not divest the trial court of jurisdiction. Id. Because the trial court's original sentencing entry did not set forth a specific sum in restitution, the trial court maintained jurisdiction to correct this omission, irrespective of the subsequent civil complaint. Id.; Back, 2003-Ohio-5985 at ¶ 15 (where an order of restitution is made, but no definite sum included in the order, the trial court should be given an opportunity to clarify its order of restitution). Appellant's first assignment of error is accordingly overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION THAT WAS NOT SHOWN TO HAVE BEEN LIMITED TO THE ACTUAL DAMAGE OR LOSS CAUSED BY THE OFFENSE WITH WHICH APPELLANT WAS CONVICTED."
 {¶ 13} Appellant argues that in light of the fact that (1) Brinkman was still suffering the repercussions of a pre-existing head injury sustained in a serious car accident, (2) Brinkman could not testify with certainty as to the cost of his prescriptions, and (3) appellant was ordered to pay for medication Brinkman was already taking before the assault, the restitution amount was not shown to be reasonably related to Brinkman's actual economic loss.
 {¶ 14} R.C. 2929.18(A) allows a sentencing court to order restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by a victim * * * and includes any loss of income * * * and any property loss, medical cost * * * incurred as a result of the commission of the felony." "The amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty." State v. Gears (1999), 135 Ohio App.3d 297, 300.
 {¶ 15} Brinkman testified that (1) because of the injuries he received during the assault, he no longer works and receives social security benefits, (2) he is still receiving treatment as a result of the injuries, and (3) he is taking two medications which he was not taking before the assault. He also testified that in addition to $215 in co-pays for doctor's visits, he also paid about $934.21 in out of pocket expenses for prescriptions as a result of the assault. Appellant did not offer any contrary evidence at the hearing.
 {¶ 16} Brinkman also testified that (1) he was in a car accident when he was a teenager and that his pre-existing injury from that accident was "about as good as it was going to get," (2) before the assault, he was taking medication for depression "a lesser milligram" than now, and (3) he was not on medication for any physical problems before the assault. Brinkman did not know how much his wife's insurance company paid toward his medical expenses. Without objection, the state moved into evidence a summary of medical expenses Brinkman still owes as a result of the injuries received during the assault, for a total of $2,929.81.
 {¶ 17} Upon reviewing the record, we find that the restitution order in the amount of $4,079.02 was established to a reasonable degree of certainty and was shown to be reasonably related to Brinkman's actual economic loss as a result of the assault. Appellant's second assignment of error is overruled.
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE TRIAL COURT ERRED IN IMPOSING FINANCIAL SANCTIONS WITHOUT MAKING A RECORD THAT IT HAD CONSIDERED APPELLANT'S ABILITY TO PAY."
 {¶ 20} Before imposing a financial sanction such as restitution under R.C. 2929.18(A), a trial court must consider the offender's present and future ability to pay the amount of the sanction. R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made.State v. Martin, 140 Ohio App.3d 326, 338, 2000-Ohio-1942. All that is required under R.C. 2929.19(B)(6) is that the trial court "consider the offender's present and future ability to pay."
 {¶ 21} We agree that during the restitution hearing or in its entry finding that appellant owed $4,079.02 in restitution, the trial court did not explicitly state that it considered appellant's present and future ability to pay the restitution. However, the record in this case is not devoid of evidence to suggest that the trial court considered R.C. 2929.18(A) and2929.19(B)(6). See State v. Moore, Butler App. No. CA2002-12-307, 2003-Ohio-6255. In its sentencing entry ordering appellant to pay $50 per week toward restitution, the trial court stated it had considered, among other things, the presentence investigation report ("PSI"). The PSI, which contains appellant's educational history, employment history, and financial condition, indicates that appellant graduated from the 12th grade, has been regularly employed as a brick layer at $22 an hour, is in good health, and listed as assets his $2,800 monthly income (and his wife's $400 monthly income). The restitution hearing indicates that although appellant was unemployed for a while, he was now back to work.
 {¶ 22} In light of the foregoing, we find sufficient evidence in the record indicating that the trial court considered appellant's present and future ability to pay before imposing $4,079.02 in restitution. See Martin; State v. Dunaway,
Butler App. No. CA2001-12-280, 2003-Ohio-1062. Appellant's third assignment of error is overruled.
 {¶ 23} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.