OPINION
{¶ 1} Defendant-appellant Tara N. Summers appeals from her conviction and sentence upon two counts of Aggravated Vehicular Assault and two counts of Vehicular Assault, following a no-contest plea. Summers contends that the trial court abused its discretion in sentencing her to a four-year prison term, because it is inconsistent with sentences imposed for similar crimes committed by similar offenders, and she has no prior criminal history. The basis of support for Summers' contention is an exhibit attached to her brief containing a list of the sentences for all Aggravated Vehicular Assault and Vehicular Assault convictions in Montgomery County in the last three years, as well as corresponding indictments.
 {¶ 2} Because Summers' exhibit was not in the trial record in this case, not having been brought to the attention of the trial court, and is not within the scope of R.C. 2953.08(F), which establishes the record to be reviewed on appeal of a sentence, it is not a part of the record to be reviewed on her sentencing appeal. Therefore, we grant the State's motion to strike the exhibit. As a result, Summers' contention that her sentence is disproportionate is without support in the record. In response to Summers' no-prior-criminal-history argument, we find that Summers has a history of Driving Under the Influence convictions and traffic offenses that was properly considered by the trial court in sentencing.
 {¶ 3} Summers contends that the trial court erred in denying her motion to appoint a special prosecutor, in accordance with R.C. 2941.63, because the victim in this case is a Montgomery County Assistant Prosecuting Attorney and is the cousin of the Montgomery County Prosecutor.
 {¶ 4} Because there is no evidence in the record supporting Summers' claims, we conclude that the trial court did not err in denying Summers' motion to appoint a special prosecutor based on the victim's relationship with the prosecutor's office.
 {¶ 5} Summers contends that the trial court erred in failing to specify the amount of restitution owed to the Ohio Casualty Group at the sentencing hearing, and that the record is devoid of any evidence supporting the trial court's order of restitution to the Ohio Casualty Group.
 {¶ 6} After reviewing the record, we conclude that the restitution order to the Ohio Casualty Group in the amount of $10,955.44 is not supported by competent, credible evidence showing a reasonable relationship to the actual loss suffered.
 {¶ 7} Accordingly, that part of the judgment of the trial court ordering restitution to Ohio Casualty Group is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for reconsideration of the restitution issue.
 I {¶ 8} In April, 2005, Tara Summers was driving a vehicle while under the influence of alcohol and cocaine when she ran head on into another vehicle containing two passengers, who were severely injured. Summers was subsequently charged with two counts of Aggravated Vehicular Assault, in violation of R.C.2903.08(A)(1), and two counts of Vehicular Assault, in violation of R.C. 2903.08(A)(2). Summers filed a motion to appoint a special prosecutor, arguing that she was being prosecuted more zealously because the victim in this case was a Montgomery County Assistant Prosecuting Attorney and the cousin of the Montgomery County Prosecutor. The trial court overruled Summers' motion to appoint a special prosecutor, concluding that the public interest did not necessitate the appointment of an attorney to assist the prosecuting attorney, under R.C. 2941.63.
 {¶ 9} Summers entered a no-contest plea to all counts. The trial court found her guilty, and sentenced her to two years of imprisonment on each of the Aggravated Vehicular Assault convictions, to be served consecutively, and one year of imprisonment on each of the Vehicular Assault convictions, to be served concurrently with the sentences for the Aggravated Vehicular Assault convictions, for a total prison term of four years. The trial court also suspended Summers' driver's license for four years and ordered Summers to pay restitution to the victims for an economic loss of $5,131.00 and to the Ohio Casualty Group for an economic loss of $10,955.44.
 {¶ 10} After her sentencing, Summers filed a motion to withdraw her plea, attaching her affidavit and an affidavit of her defense counsel memorializing a discussion between defense counsel and the trial judge wherein the trial judge indicated that he intended to impose a minimum mandatory sentence, which induced Summers to enter the no-contest plea and waive her right to a jury trial. Summers also filed a motion for clarification of the restitution order and a request for a restitution hearing, arguing that the order of restitution to the Ohio Casualty Group was not supported with competent, credible evidence showing a reasonable relationship to the actual loss suffered.
 {¶ 11} From her conviction and sentence, Summers appeals.
 II {¶ 12} Summers' First Assignment of Error is as follows:
 {¶ 13} "THE TRIAL COURT SENTENCE WAS SUBSTANTIALLY DISPROPORTIONATE TO PUNISHMENT NECESSARY AND THE COURT GROSSLY ABUSED ITS DISCRETION IN SENTENCING A FIRST TIME OFFENDER TO A [FOUR] YEAR PRISON TERM."
 {¶ 14} R.C. 2929.11 provides, in pertinent part, that "a sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 15} Summers contends that the trial court abused its discretion in sentencing her to a four-year prison term, because it is inconsistent with sentences imposed for similar crimes committed by similar offenders, and she has no prior criminal history. In support of her contention, Summers attached three exhibits to her brief, including a list of the sentences for all Aggravated Vehicular Assault and Vehicular Assault convictions in Montgomery County in the last three years, as well as corresponding indictments. Summers also attached her affidavit and an affidavit from her defense counsel attempting to memorialize a discussion between defense counsel and the trial judge regarding sentencing.
 {¶ 16} The State filed a motion to strike the three exhibits from the record. The State contends that the exhibit of indictments and the list of the sentences of similarly situated defendants were never presented to the trial court and therefore, cannot be considered by the court because it is not a part of the record. The State also contends that Summers cannot supplement the appellate record with the affidavits, because she failed to utilize the procedure set forth in App.R. 9(C).
 {¶ 17} Regarding the affidavits submitted by Summers, we conclude that Summers is not attempting to supplement the record with the affidavits because the affidavits are in the trial court record as attachments to Summers' motion to withdraw her plea. Therefore, the State's motion to strike the affidavits is denied.
 {¶ 18} In response to the State's motion to strike her exhibit containing the indictments and the list of the sentences of similarly situated defendants, Summers argues that the exhibit was not presented to the trial court, because it was not an issue until the trial court disproportionately sentenced her.
 {¶ 19} Pursuant to R.C. 2953.08(F), the record to be reviewed on the appeal of a sentence includes the following:
 {¶ 20} "(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 {¶ 21} "(2) The trial record in the case in which the sentence was imposed; {¶ 22} "(3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed;
 {¶ 23} "(4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to a judicial release under division (H) of section2929.20 of the Revised Code."
 {¶ 24} Summers presents her list of the sentences for all Aggravated Vehicular Assault and Vehicular Assault convictions in Montgomery County in the last three years and corresponding indictments for the first time on appeal. Because Summers' exhibit is not in the trial record in this case and is not within the scope of R.C. 2953.08(F), it is not a part of the record to be reviewed on her sentencing appeal. Therefore, we conclude that Summers' exhibit is not properly before this court for review. The State's motion to strike the exhibit containing the list of the sentences for all Aggravated Vehicular Assault and Vehicular Assault convictions in Montgomery County in the last three years and corresponding indictments is granted.
 {¶ 25} Summers relies upon her exhibit containing the list of the sentences for all Aggravated Vehicular Assault and Vehicular Assault convictions in Montgomery County in the last three years and corresponding indictments to support her contention that her sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. Since we have stricken this exhibit, we find that Summers' claim of disproportionality is without support.
 {¶ 26} Her remaining argument is that she has no prior criminal history. However, the pre-sentence investigation report, relied upon by the trial court in sentencing, indicates that Summers has two prior Driving Under the Influence convictions, as well as nine citations for Speeding, Driving Under Suspension, No Operator's License, and Failure to Control. We find that Summers has a significant history of traffic violations, and that the trial court properly considered that history in sentencing her.
 {¶ 27} Although Summers also contends that the trial court "was too emotionally involved in this case to temper its emotion and truly administer justice," we find nothing in the record to support this contention.
 {¶ 28} Summers contends that the trial judge indicated that he intended to impose a minimum mandatory sentence, which induced Summers to enter the no-contest plea and waive her right to a jury trial. Summers contends that she would not have entered into a no-contest plea if she was "knowingly and fully informed of the Court's intention as opposed to the Court's representation through Counsel." Summers presents her affidavit and the affidavit of her defense counsel in support of her contention.
 {¶ 29} In its order overruling Summers' motion to stay her sentence pending her appeal, the trial court stated that "at no time was it ever represented to the defense counsel by the Court * * * that there would be a minimum sentence. The Court indicated to defense counsel that based upon the facts as represented by the Defendant's Attorney, a maximum sentence would not be likely. The Defendant could have been sentenced to a total of 13 years if maximum and consecutive sentences were imposed. Therefore, a maximum sentence was not imposed."
 {¶ 30} We first note that Summers does not separately argue this assignment in her brief, and therefore, it may be disregarded pursuant to App.R. 12(A)(2). However, a review of the record shows that there is no evidence in support of her contention. Although the affidavits are in the trial court record, they are attached to Summers' motion to withdraw her plea, which was filed after her sentencing and is not the subject of this appeal. There is no evidence in the record prior to Summers' sentencing to support her contention.
 {¶ 31} Summers' First Assignment of Error is overruled.
 III {¶ 32} Summers' Second Assignment of Error is as follows:
 {¶ 33} "THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR SPECIAL PROSECUTOR WHEN THE COMPLAINANT (VICTIM) WAS AND IS THE MONTGOMERY COUNTY PROSECUTING ATTORNEY'S (MATT HECK'S) COUSIN."
 {¶ 34} Summers contends that the trial court erred in denying her motion to appoint a special prosecutor, in accordance with R.C. 2941.63, because the victim in this case is a Montgomery County Assistant Prosecuting Attorney and is the cousin of the Montgomery County Prosecutor. Summers contends that she was prosecuted more zealously because of the relationship between the victim and the prosecutor's office.
 {¶ 35} R.C. 2941.63 provides, in pertinent part, that "[t]he court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court." "Courts of common pleas possess inherent power to appoint special prosecutors in criminal matters." State ex rel. Master v. Cleveland, 75 Ohio St.3d 23,27, 1996-Ohio-228, 661 N.E.2d 180, citations omitted. In her motion to the trial court, Summers argued that "[t]here is an inherent conflict of interests and there will clearly be a violation of equal protection and due process if the Defendant is not afford[ed] a Prosecutor who does not have a particular interest in the outcome. In this case the Prosecutor and the Complainant are kin. They are blood related and have more than just a mere acquaintance relationship.
It would be almost impossible for the current Prosecutor to reason and actually listen to mitigating circumstances and certainly has directives that no plea agreements take place which is contrary to the standard practice in this local when a Defendant has more than 1 charge. This case has 4 charges (2 for each complainant). It is very apparent that this Defendant will be prosecuted to a greater degree and much much more zealously as the Complainant/Victim is a co-worker, (Prosecutor). An ordinary citizen and member of this same community would not be prosecuted in the same manner and it appears that if we do not have a non interested party prosecutor we will in fact be allowing two different standards of prosecutions to govern our Montgomery County Courts."
 {¶ 36} Because Summers did not attach any documentation or evidence supporting her claims, we cannot find that the trial court erred in overruling Summers' motion to appoint a special prosecutor based on Summers' mere allegations. We also note that this case was not prosecuted by the Montgomery County Prosecutor, himself, but rather by a Senior Assistant Prosecuting Attorney who, although a co-worker, was unrelated to the victim. Furthermore, there is no evidence in the record that the Montgomery County Prosecutor interjected himself into this case. The record does not reflect that he took any part in the proceedings.
 {¶ 37} We conclude that the trial court did not err in denying Summers' motion to appoint a special prosecutor based on the victim's relationship with the prosecutor's office.
 {¶ 38} Summers' Second Assignment of Error is overruled.
 IV {¶ 39} Summers' Third Assignment of Error is as follows:
 {¶ 40} "THE TRIAL COURT ERRED IN NOT ORDERING RESTITUTION AT THE TIME OF SENTENCING BUT THEN ORDERED RESTITUTION IN ITS 1/17/06 TERMINATION ENTRY."
 {¶ 41} Summers contends that the trial court erred in failing to specify the amount of restitution owed to the Ohio Casualty Group at the sentencing hearing, and that the record is devoid of any evidence supporting the trial court's order of restitution to the Ohio Casualty Group.
 {¶ 42} Although Summers failed to object to the trial court's order of restitution at her sentencing hearing, we have recognized sentencing errors based on restitution under the plain error doctrine. See State v. Clark, Greene App. No. 97 CA 27, 1998 WL 321007, at *2.
 {¶ 43} R.C. 2929.18(A)(1) authorizes the trial court to impose financial sanctions as part of its sentence, including restitution in an amount based upon economic loss. "If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1).
 {¶ 44} "For due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered. Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution `to a reasonable degree of certainty.' The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence."State v. Bender, Champaign App. No. 2004 CA 11, 2005-Ohio-919, at ¶ 10, citations omitted. In addition, "the trial court is required by R.C. 2929.18(A)(1) to determine the specific amount of restitution to be paid by a defendant. The trial court's failure to do so is reversible error." State v. Back, Butler App. No. CA2003-01-011, 2003-Ohio-5985, at ¶ 13, citing Clark,
supra.
 {¶ 45} At Summers' sentencing hearing, the trial court ordered that Summers pay restitution to the victims in the amount of $5,131, based on the deductible paid to their insurance company. The trial court then ordered that approximately eleven thousand dollars be paid in restitution to the Ohio Casualty Group. The trial court later specified this amount to be $10,955.44 in its termination entry.
 {¶ 46} The trial court's order at the sentencing hearing put Summers on notice that she would owe approximately eleven thousand dollars in restitution to the Ohio Casualty Group. Summers suffered no prejudice as a result of the trial court's having specified a different amount of restitution in its termination entry, since that amount, $10,955.44, is less than the approximate amount stated at the sentencing hearing. However, the trial court never explained the basis for this order of restitution to show a reasonable relationship to the actual loss suffered, and the record is devoid of any evidence to support the trial court's order of restitution to a reasonable degree of certainty.
 {¶ 47} We conclude that restitution order to the Ohio Casualty Group in the amount of $10,955.44 is not supported by competent, credible evidence showing a reasonable relationship to the actual loss suffered.
 {¶ 48} Summers' Third Assignment of Error is sustained.
 V {¶ 49} Summers' First and Second assignments of error having been overruled, and her Third Assignment of Error having been sustained, that part of the judgment of the trial court ordering restitution to Ohio Casualty Group is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for reconsideration of the issue of the amount of restitution, if any, to be awarded to Ohio Casualty Group.
Brogan and Wolff, JJ., concur.