OPINION
{¶ 1} Brenda Lee Sanner appeals from a judgment of the Greene County Court of Common Pleas, which ordered Sanner to pay restitution in the amount of $167, 940.89 as part of her sentence *Page 2 
for theft. On appeal, Sanner argues that the trial court erred in ordering restitution without holding a restitution hearing prior to or at sentencing and without establishing the amount to a reasonable degree of certainty based on credible, competent evidence. For the following reasons, Sanner's sentence will be reversed, and the case will be remanded to the trial court for a hearing on restitution.
 {¶ 2} On October 30, 2006, Brenda Lee Sanner pled guilty to theft of property valued at $5, 000 or more but less than $100, 000, in violation of R.C. 2913.02(A)(3), a fourth degree felony. The plea agreement indicated that the issue of restitution was disputed and would be decided at a hearing after sentencing. Sanner agreed to take a polygraph on November 6, 2006 with respect to the restitution amount.
 {¶ 3} Sanner was displeased with the examiner's questions during the polygraph examination, and she filed a motion to withdraw her plea. On January 8, 2007, Sanner submitted a sentencing memorandum in which she requested a hearing on restitution. She asserted that she had stolen approximately $7, 000 from her employer, not over $150, 000 as alleged by the state and the victim.
 {¶ 4} On January 9, 2007, the court held a hearing on the motion to withdraw her plea and a dispositional hearing. Sanner testified that she wished to withdraw her plea so that she could have a trial on the amount of restitution. The court overruled her motion to withdraw her plea, and it sentenced her to eighteen months in prison. The court ordered her to pay restitution of $167, 940.89-the amount suggested by the state — plus court costs and fees. Although the trial court subsequently scheduled a restitution hearing for March 22, 2007, that hearing did not occur.
 {¶ 5} Sanner appeals from her sentence, raising two assignments of error.
 a. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING *Page 3 
RESTITUTION IN AN AMOUNT DISPUTED BY DEFENDANT WITHOUT CONDUCTING A HEARING REGARDING THE AMOUNT OF RESTITUTION PRIOR TO OR AT SENTENCING."
 {¶ 6} In her first assignment of error, Sanner claims that the trial court erred in ordering restitution at sentencing, without a hearing, when the amount of restitution was disputed. Sanner asserts that the trial court's January 9, 2007 judgment entry constituted a final appealable order, which could not be modified at a later hearing absent specific statutory authority. The state responds that January 9th order was interlocutory, and the trial court retained jurisdiction to determine the final, specific amount of restitution at a later restitution hearing. The state asserts that there was no expectation of finality by the parties, and that Sanner did not object to the initial entry of restitution.
 {¶ 7} We begin with the threshold question of whether the January 9, 2007 judgment entry constituted a final appealable order. To determine whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts apply the definitions of "final order" contained in R.C. 2505.02. State v. Muncie, 91 Ohio St.3d 440,444, 2001-Ohio-93, 746 N.E.2d 1092. Of relevance to this appeal, R.C.2505.02(B)(1) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 8} "Generally, in a criminal case, the final judgment is the sentence. The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A)(1)." (Citations omitted) State v. Damson, 105 Ohio St.3d 127, *Page 4 2005-Ohio-781, 823 N.E.2d 444, ¶ 6. "[A]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." Id. at ¶ 8.
 {¶ 9} The January 9, 2007 judgment entry stated that Sanner had been convicted of theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in accordance with her guilty plea on October 30, 2006. The court imposed a sentence and ordered the payment of restitution to the victim in a specific amount ($167, 940.89), in addition to other fees and court costs. The judgment entry set forth further conditions, as well as Sanner's appellate rights. In short, the January 9, 2007 judgment entry set forth a complete sentence in Sanner's criminal case. On its face, the judgment entry is a final appealable order.
 {¶ 10} The state argues that the sentencing entry should nevertheless be deemed interlocutory, because the trial court stated at the sentencing hearing that a hearing on restitution would be held at a later date. Despite the court's representations that it would subsequently review the amount of restitution, the judgment entry does not indicate that the amount of restitution was undetermined and that a subsequent hearing was necessary. "It is well established that the court speaks only through its journal entries, not by its oral pronouncements." State v. DeLong, Montgomery App. No. 20656,2005-Ohio-1905, ¶ 18, citing Schenley v. Karth (1953), 160 Ohio St. 109,113 N.E.2d 625.
 {¶ 11} Sanner asserts that, because the judgment entry was a final order, the trial court lacked jurisdiction to modify the restitution order. In contrast, the state argues that the trial court retained jurisdiction to impose a final restitution order after the journalized sentencing order. We agree with Sanner. "A court does not have authority to reconsider its own valid final judgment in a criminal *Page 5 
case." State v. Patterson, Warren App. No. CA2005-08-088,2006-Ohio-2133, ¶ 8, citing State ex rel. Hansen v. Reed (1992),63 Ohio St.3d 597, 599, 589 N.E.2d 1324; see State v. Palmer, Montgomery App. No. 20101, 2004-Ohio-3571, ¶ 7.
 {¶ 12} In support of its argument that the trial court retained jurisdiction, the state relies upon Patterson, supra; State v.Summers, Montgomery App. No. 21465, 2006-Ohio-3199; and State v.McDonald, Delaware App. No. 01 CAA 08 033, 2002-Ohio-1122. None of these cases convinces us to adopt the state's position.
 {¶ 13} In Patterson, the defendant was ordered to pay $50 toward restitution, which was ordered in an amount to be determined in a civil suit. After the civil suit was dismissed without prejudice by the victim, the state moved for a restitution hearing to determine the amount owed to the victim. After a hearing, the court determined that the defendant owed $4, 079.02 to the victim. On appeal, the Twelfth District concluded that there was no double jeopardy violation with regard to the $4, 079.02 order, because the court had not set forth a definite amount of restitution. Because the trial court inPatterson did not specify a definite amount of restitution in its judgment entry, Patterson is inapposite.
 {¶ 14} In Summers, the court told the defendant at the sentencing hearing that she would be required to pay approximately $11, 000 in restitution to the Ohio Casualty Group. The trial court later specified this amount to be $10, 955.44 in its termination entry. We noted that Summers had not suffered prejudice as a result of the trial court's having specified a different amount of restitution in its termination entry, since that amount, $10, 955.44, was less than the approximate amount stated at the sentencing hearing. However, we reversed the award of restitution to the Ohio Casualty Group and remanded for reconsideration of that issue, because the trial court never explained the basis for *Page 6 
the order of restitution to show a reasonable relationship to the actual loss suffered and the record was devoid of any evidence to support the trial court's order of restitution to a reasonable degree of certainty.Summers does not stand for the proposition that the trial court may modify its restitution order after the entry of the final judgment.
 {¶ 15} In McDonald, the trial court's original judgment entry included an order of restitution in the amount of $25, 506.76 and stated that seized items would be auctioned and applied toward restitution. Sixteen days later, the court entered a supplemental judgment entry, which stated that the prosecutor was to pursue restitution through the procedures set forth in R.C. 2929.18(D) and that the Delaware Police Department shall dispose of items seized pursuant to R.C. 2933.41. The Fifth District construed the supplemental order as the final order on restitution, and it declined to address an assignment of error concerning the auctioning of the seized property and the application of the proceeds toward restitution. To the extent that McDonald suggests that the final sentencing entry may be modified by a supplemental judgment entry, we find it to be unpersuasive and decline to follow it.
 {¶ 16} Finally, the state argues that R.C. 2929.18(A)(1), which addresses financial sanctions in felony cases, supports a conclusion that the trial court is not divested of jurisdiction with regard to restitution after a sentencing order is journalized. The state notes that R.C. 2929.18(A)(1) allows the trial court to "modify the payment terms" of any restitution ordered. Although the court may modify or suspend financial sanctions under certain circumstances, R.C.2929.18(A)(1) provides no statutory authority for the trial court to resolve the dispute over the amount of restitution after sentencing.
 {¶ 17} Having concluded that the January 9, 2007 judgment entry was a final order, we turn to whether the trial court properly ordered Sanner to pay restitution in the amount of $167, 940.89 in its sentencing entry. R.C. 2929.18(A)(1) authorizes the trial court to impose restitution, based upon *Page 7 
the victim's economic loss, as a financial sanction. The statute provides, in part:
 {¶ 18} "* * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.If the court decides to impose restitution, the court shall hold ahearing on restitution if the offender, victim, or survivor disputes theamount. * * *" (Emphasis added).
 {¶ 19} The record is replete with requests by Sanner for a hearing on restitution and with acknowledgments by the court that a hearing was required. The plea agreement stated that "[t]he issue of restitution is disputed and will be decided at a hearing after sentencing." Upon accepting her plea, the court reiterated that the issue of restitution was disputed, and it stated that it assumed that the restitution hearing could be either at sentencing or after sentencing. Sanner's counsel responded that they would do the hearing at sentencing, if time permitted. At the hearing on her motion to withdraw her plea, Sanner indicated that she wanted to have a trial on the amount of the theft. She stated that she would be satisfied if the correct amount were determined at a restitution hearing. In her sentencing memorandum, Sanner asserted that she had stolen only $7, 112, not approximately $167, 000.
 {¶ 20} At sentencing, however, the court imposed restitution in the amount of $167, 940.89. Immediately thereafter, the court stated:
 {¶ 21} "The Court does note for the record that the Defendant does dispute the amount of *Page 8 
restitution. The Court will order a hearing to be held on the issue of restitution and will advise counsel to immediately secure that date from the assignment office immediately upon completion of this hearing."
 {¶ 22} In light of the parties' and court's recognition that restitution was disputed and that a hearing on restitution was required, the court clearly erred in issuing a final judgment entry prior to a hearing on restitution.
 {¶ 23} The first assignment of error is sustained.
 {¶ 24} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING RESTITUTION IN AN AMOUNT CLAIMED BY THE STATE WITHOUT ESTABLISHING THE AMOUNT OF RESTITUTION TO A REASONABLE DEGREE OF CERTAINTY BASED ON COMPETENT AND CREDIBLE EVIDENCE."
 {¶ 25} In her second assignment of error, Sanner claims that the court erred in awarding restitution in the absence of credible, competent evidence to support the award. In light of our disposition of the first assignment of error, this assignment of error is overruled as moot.
 {¶ 26} The judgment of the trial court will be reversed, and the matter will be remanded to the trial court for a restitution hearing.
BROGAN, J. and GRADY, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1