OPINION
{¶ 1} Defendant-appellant, Malek B. Aliane, appeals from the September 8, 2003 resentencing entry of the Franklin County Court of Common Pleas, finding appellant guilty of theft, and sentencing him to 11 months incarceration, and ordering him to pay restitution in the amount of $594.80. For the reasons that follow, we reverse and remand the judgment of the trial court.
 {¶ 2} This is appellant's fourth appeal before our court. SeeState v. Aliane, Franklin App. No. 01AP-1110, 2002-Ohio-2932 ("Aliane I") and State v. Aliane, Franklin App. No. 02AP-948, 2003-Ohio-2022 ("Aliane II"), and State v. Aliane, Franklin App. No. 03AP-881, 2004-Ohio-3698 ("Aliane III").[1] InAliane II, we affirmed in part and reversed in part the decision of the trial court. The case was remanded in order for the trial court to resentence the defendant in open court, in defendant's presence, with respect to his incarceration and restitution orders.
 {¶ 3} At the August 1, 2003 resentencing hearing, the trial court resentenced appellant, in his presence, ordering him to pay restitution to Sears Northland in the amount of $594.80.[2]
In the journalized resentencing entry, dated September 8, 2003, the trial court ordered appellant to serve an 11-month sentence, in addition to the restitution order pronounced at the resentencing hearing. It is from this entry that appellant appeals, assigning the following as error:
Assignments of Error
[I.] The trial court denied defendant due process of law, when it issued a judgment entry imposing a sentence, that differs from the sentence pronounced in the presence of the defendant in violation of Criminal Rule 43(A).
[II.] The trial court committed reversible error by ordering defendant-appellant to pay restitution to the alleged victims for damages which were not caused by the defendant-appellant and which were speculative in amount and arbitrary as to being the actual loss to the victim.
[III.] Defendant was denied due process of law when the trial court failed to conduct an impartial hearing at resentencing.
[IV.] The trial court committed reversible error when it improperly calculated defendant's jail time credit of the time served while awaiting sentencing in violation of Ohio Administrative Rule 5120-2-04(B).
 {¶ 4} Appellant's first and third assignments of error were previously argued and addressed in Aliane II. In his first assignment of error, appellant again asserts that the trial court, on remand, denied him his due process rights when the trial court issued the judgment entry imposing a sentence that differed from the sentence rendered by the trial court at the resentencing hearing in appellant's presence.
 {¶ 5} Appellant specifically contends that at the August 1, 2003 resentencing hearing in case No. 01CR-06-3405, the trial court did order appellant to pay $594.80 to Sears Northland, but failed to resentence him to 11 months incarceration. The journalized entry states that appellant was sentenced to 11 months incarceration and ordered to pay $594.80 in restitution.
 {¶ 6} A careful review of the transcript reveals that the trial court did order appellant, in court, to pay restitution in the amount of $594.80. However, the 11-month sentence reflected in the journalized entry was not in the sentence pronounced orally. Plaintiff-appellee, State of Ohio ("the State") concedes this error by the trial court.
 {¶ 7} Crim.R. 43(A) provides that, "[t]he defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *." A defendant has the right to be present when the court imposes sentence and a trial court cannot abrogate the defendant's right of allocution by imposing its sentence in defendant's absence. State v. Pavone (June 21, 1984), Cuyahoga App. No. 47700. Crim.R. 43(A) requires the physical presence of a defendant during sentencing. State v.Bell (1990), 70 Ohio App.3d 765.
 {¶ 8} This court has held that a trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence. Aliane II;State v. Tatum (Mar. 6, 2001), Franklin App. No. 99AP-1141;State v. White (Dec. 9, 1999), Franklin App. No. 99AP-32;State v. Fredenburg (Sept. 17, 1998), Franklin App. No. 97APA10-1340; State v. Berry (June 29, 1999), Franklin App. No. 97AP-964; State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639.
 {¶ 9} As we held in Aliane II, the trial court has erred in issuing a judgment entry in case No. 01CR-06-3405 that imposed a sentence on appellant that differed from the sentence pronounced in appellant's presence at the resentencing hearing. Appellant must be resentenced in open court with respect to the 11-month incarceration and $594.80 restitution order in case No. 01CR-06-3405. Appellant's first assignment of error is well-taken and sustained.
 {¶ 10} In his third assignment of error, appellant contends, as he did in Aliane II, that the trial court failed to conduct an impartial resentencing hearing pursuant to R.C. 2929.19(A)(1), which provides, in part:
The court shall hold a sentencing hearing before imposing a sentence * * * upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. * * *
 {¶ 11} "* * * [W]hen a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all the applicable procedures." State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436, at ¶ 12. Appellant relies on State v.Steimle, Cuyahoga App. No. 79154, 2002-Ohio-2238, as support for his contention that the trial court erred in not approaching the resentencing hearing as an independent proceeding. In Steimle,
at ¶ 16, the Eighth Appellate District explained:
* * * The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence, and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence. A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent, and must be notified that post-release control is part of his sentence, if, in fact, it is to be part of his sentence.
 {¶ 12} In this case, a review of the resentencing transcript reveals that the trial court did not approach the resentencing hearing as an independent proceeding. While the trial court allowed appellant to present information about restitution and to speak at length before imposition of his sentence, the trial court did not advise appellant of his right to appeal. Further, the trial court did not inform appellant of the possibility of post-release control for up to three years, nor that it considered the record and provided the findings required by R.C.2929.14(E)(4) for the imposition of consecutive sentences, as the journalized resentencing entry indicates. As such, appellant's third assignment of error is well-taken and sustained.
 {¶ 13} In his second assignment of error, appellant argues that the trial court erred in ordering him to pay restitution because there was no evidence presented as to the actual amount of restitution actually owed to Sears Northland
 {¶ 14} R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution to a victim, or to a third party in an amount paid to the victim in an amount based upon the victim's economic loss. "The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1). However, the amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty.State v. Sommer, 14 Ohio App.3d 421, 2003-Ohio-5022; State v.Gears (1999), 135 Ohio App.3d 297, 300.
 {¶ 15} A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 16} At the August 1, 2003 resentencing hearing, the trial court noted that restitution was established by the probation department. Furthermore, the court, as indicated in the journalized entry, ordered and received a pre-sentence investigation report ("PSI"). The trial court may consider a PSI when ordering restitution. State v. Brumback (1996),109 Ohio App.3d 65, 83; State v. Williams (1986), 34 Ohio App.3d 33, 34.
 {¶ 17} However, both appellant and his attorney objected to the amount of restitution ordered. R.C. 2929.18(A)(1) expressly provides that a trial court shall hold a hearing on restitution if the victim, offender or survivor disputes the amount. Therefore we find that the trial court committed reversible error by failing to comply with the requirements of R.C. 2929.18(A)(2). The portion of the trial court's order relating to Sears is well-taken and sustained. Upon remand, the trial court shall conduct a hearing to determine the correct amount owed to Sears.
 {¶ 18} In his fourth and final assignment of error, appellant argues that the trial court erred when it improperly calculated his jail-time credit. In the trial court's resentencing entry, the trial court found that appellant had 62 days of jail-time credit. However, appellant maintains that he is warranted an additional 192 days of jail-time credit.
 {¶ 19} The statute in Ohio that governs jail-time credit is R.C. 2967.191, which provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 20} Appellant alleges that the trial court erred on remand in crediting him with less time served in case No. 01CR-06-3405 than it had at the original sentencing, and that the trial court erred in not crediting appellant with time served while his first and second appeals were pending.
 {¶ 21} Both appellant and the State agree that the calculation of jail-time credit was erroneous. The record is unclear as to how the trial court, on the earlier remand, calculated the credit for time served in resentencing appellant. There is no discussion of jail-time credit in the transcript of the resentencing proceedings. Ohio Admin. Code 5120-2-04(B) provides:
The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.
 {¶ 22} The State argues that the trial court should determine how to allocate appellant's jail-time credit between appellant's two cases (00CR-12-6960 and 01CR-06-3405). Both the State and appellant have requested that this court remand this case for a correct calculation of appellant's credit for time served. Accordingly, appellant's fourth assignment of error is sustained to allow the court to reconsider the calculation of jail-time credit and to articulate on the record, the basis of that calculation.
 {¶ 23} For the foregoing reasons, appellant's assignments of error are sustained. This matter is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.
Judgment reversed and remanded.
Bowman and Bryant, JJ., concur.
[1] A thorough procedural and factual history of each case is included in our opinion ruling upon Aliane's first and second appeals.
[2] Appellant was also ordered and sentenced in open court to pay $7,000 to Rush Motor Sales. However, appellant is not appealing that part of the trial court's resentencing entry in this case. We note that appellant did appeal the $7,000 restitution order in Aliane III. We further note that the analysis in Aliane III applies to the specific assignment of error in that case.