OPINION
{¶ 1} Defendant-appellant Daryl L. Evans appeals from a judgment of conviction and sentence, following a jury trial, for Assault, a fifth-degree felony. Evans's sole contention is that the trial court did not correctly calculate the jail-time credit. The record reflects that the trial court, in its sentencing entry, incorporated a calculation of a jail-time *Page 2 
credit in the amount of 78 days, which was set forth in its warrant to convey, issued to the sheriff. Evans contends that he should receive a jail-time credit of four and a half months, because he was incarcerated, as a result of these charges, for four and a half months before his trial and conviction.
 {¶ 2} The record does not portray the error asserted. Consequently, the judgment of the trial court must be Affirmed. If there is, in fact, some error in the calculation of Evans's jail-time credit, he may raise this issue in the trial court and make up a suitable record. Our disposition of this appeal is without prejudice to any motion Evans may wish to make in the trial court to correct an error in the calculation of his jail-time credit.
 I {¶ 3} On July 10, 2006, a jury found Evans guilty of Assault. The jury found that the offense occurred on the grounds of a state correctional institution, that the complainant was an employee of the Ohio Department of Rehabilitation and Correction, and that Evans was incarcerated in a state correctional institution at the time of the offense.
 {¶ 4} The transcript of docket entries supplied by the Montgomery County Clerk of Courts reflects that an "Entry and Warrant to Transport Prisoner to the Ohio Department of Rehabilitation and Corrections" was filed in this cause on August 18, 2006, but this entry is not included in the record on appeal. Nevertheless, Evans has attached what appears to be a photocopy of this one-page entry to his brief, and the State does not challenge its accuracy. We will therefore assume that it is accurate and *Page 3 
consider it in connection with this appeal.
 {¶ 5} In that entry of August 18, 2006, the following statements appear: "Defendant was held in custody prior to conviction and sentencing for 2 days." "Defendant was held in custody subsequent to conviction and sentencing for 76 days."
 {¶ 6} The termination entry is in our record. That entry, filed August 21, 2006, besides rendering the judgment of conviction and sentencing Evans to incarceration for six months, includes the following paragraph: "The number of days for which the defendant should receive jail time credit is indicated in the entry and warrant to transport filed in this case."
 {¶ 7} On August 21, 2006, the same day that the termination entry was filed, Evans filed his notice of appeal "from the adverse judgment rendered against him on August 21, 2006."
 II {¶ 8} Evans's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT BELOW PREJUDICIALLY ERRED IN FAILING TO GIVE THE APPELLANT AN ADDITIONAL FOUR AND ONE-HALF MONTHS JAIL TIME CREDIT, INCLUDING 25 DAYS IN THE `HOLE' FOR THIS CASE WHILE AWAITING TRIAL ON THE CHARGES HEREIN IN ADDITION TO THE ALLEGED 77 DAYS JAIL TIME CREDIT GIVEN APPELLANT BETWEEN THE FINDING OF GUILTY HEREIN AND HIS SENTENCING HEREIN, INTER ALIA."
 {¶ 10} The State contends that the issue of Evans's jail-time credit is not properly before us. It contends that the trial court's "calculation of jail time credit was not filed *Page 4 
until after Evans filed his notice of appeal." The record, including the entry and warrant to convey filed on August 18, 2006, and incorporated by reference in the termination entry comprising the judgment from which this appeal is taken, reflects otherwise. It reflects that the trial court made a calculation, of 78 days, and incorporated it by reference in the judgment entry. Therefore, we conclude that this issue may properly be raised on appeal.
 {¶ 11} Evans argues that he should have been given jail-time credit for an additional four and one-half months, but he does not indicate why he is entitled to this additional jail-time credit, or how the record supports his claim. A defendant is entitled to jail-time credit for days confined for any reason arising out of the offense for which he is convicted and sentenced, but not for days confined for an unrelated reason. State v. Brown (January 26, 2001), Montgomery App. No. 18427.
 {¶ 12} The State contends that Evans was confined, during the four and a half months at issue, on unrelated charges. Evans appears to be arguing, by implication, at least, that during this four and a half month period he was confined as a result of this Assault charge. There is nothing in the record from which we can resolve this factual issue.
 {¶ 13} It is the duty of an appellant to portray error in the record. If the trial court has, in fact, miscalculated the jail-time credit to which Evans is properly entitled, it is not apparent from this record. Accordingly, we must overrule Evans's sole assignment of error.
 {¶ 14} In view of the State's assertion that this appeal is premature, and that Evans ought, properly, to raise the issue of the correctness of his jail-time credit initially *Page 5 
in the trial court, our judgment of affirmance in this cause is without prejudice to any motion that Evans may make in the trial court to seek to correct an alleged error in the jail-time credit calculation.
 III {¶ 15} Parenthetically, we conclude that current procedures for awarding jail-time credit are incomplete, and that the problems caused thereby should in some way be addressed by the Ohio Supreme Court.
 {¶ 16} "[W]here, for whatever reason, a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of confinement." White v.Gilligan (1972), 351 F.Supp. 1012, 1014. The requirement is grounded in the Equal Protection Clause of the Fourteenth Amendment. Id.
 {¶ 17} The General Assembly addressed the requirement by enacting R.C.2967.191, which provides:
 {¶ 18} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." *Page 6 
 {¶ 19} R.C. 2967.191 has been construed to provide that where the time sought to be credited arose out of a set of facts separate and apart from the conviction on which a sentence of incarceration was imposed, the department of rehabilitation and correction is not required to reduce the defendant's stated prison term. State v. Dawn (1975),45 Ohio App.3d 43. That holding is consistent with other case law which denies jail time credit when a defendant is confined on multiple, unrelated charges. State v. Peck (August 1, 2002), Franklin App. No. 01AP-1379, 02AP-146, 2002-Ohio-3889; State V. Green (June 23, 2006), Montgomery App. No. 21082, 2006-Ohio-3196.
 {¶ 20} Regulations promulgated by the department of rehabilitation and correction appear at O.A.C. 5120-2-04. Paragraph (B) of that section provides: "The sentencing court determines the amount of time the offender served before being sentenced." Paragraph (H) states: "The record office shall not reduce a sentence, stated prison term or combination thereof for jail time credit except in accordance with this rule. A party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or sheriff."
 {¶ 21} The reference to the sheriff in O.A.C. 5120-2-04(H) relates to a provision in O.A.C. 5120-2-04(C) that requires the sheriff, upon delivering the defendant to the department, to report "the days he was confined for the offense between the date of sentencing and the date committed to the reception center."
 {¶ 22} Missing from these procedures is any requirement that the sentencing court calculate and report the number of days of jail time credit, if any, to which a defendant is entitled. O.A.C. 5120-02-04(B) is predicated on the court's doing that, but Crim.R. 32(A), which specifies the content of a judgment of conviction and sentence, *Page 7 
imposes no such requirement. Neither does a requirement to calculate jail time credit appear in the Supreme Court's Rules of Superintendence for the Courts of Ohio.
 {¶ 23} Crim.R. 36 states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
 {¶ 24} Crim.R. 36 has been held to be analogous to Civ.R. 60(A), and to permit the court by nunc pro tunc order "to record officially an action or actions of a court actually taken but not duly recorded."State v. Brown (2000), 136 Ohio App.3d 816, 819. That interpretation would not permit Crim.R. 36 to apply to failures to calculate jail time credit or mistakes in calculations recorded by the court.
 {¶ 25} In State v. Aliane, 2004-Ohio-3730, the defendant was resentenced following a sentencing error, but the court failed to allow him a jail time credit it had granted in its previous sentence. On that record, the defendant and the State agreed that defendant was entitled to the credit. The Tenth District Court of Appeals therefore sustained error that the defendant had assigned and remanded the case for calculation and award of jail time credit.
 {¶ 26} Unlike in Aliane, there is no basis in the record before us to find that Evans is entitled to jail time credit that he was denied by the trial court's failure to award the credit in its judgment of conviction and sentence, or "termination entry," as it is called in Montgomery County. Therefore, a reversal and remand for that purpose is not a form of relief we can offer. We suggest, based on the State's assertion that the issue is premature, that Evans can yet seek relief in the trial court. However, it is unclear what procedure can be invoked for that purpose. *Page 8 
 {¶ 27} We suggest that, with respect to this particular question, and in view of the constitutional right involved, the mandate of R.C.2967.191, and the further provisions of O.A.C. 5120-2-04(B) and (H), an exception should exist to the narrow application of Crim.R. 36 announced in State v. Brown. If a defendant is entitled to jail-time credit that the sentencing court did not record in its judgment of conviction and sentence, that failure is an "error in the record arising from oversight or omission" that, under Crim.R. 36, the sentencing court may correct upon a defendant's application. The trial court may conduct a hearing on the application, and based on its findings grant or deny the application. Because the credit is not an element of the sentence imposed, the defendant's presence is not required by Crim.R. 43(A). If the defendant's testimony is found necessary, his presence can be ordered by the trial court.
 {¶ 28} A more comprehensive solution is yet available, however. The Ohio Supreme Court may wish to consider amending its Rules of Superintendence by requiring sentencing courts to specify in the judgment of conviction and sentence whether the defendant is entitled to jail-time credit for purposes of R.C. 2957.191 and, if he is, to record the amount of the credit the defendant is due. That would permit the department of rehabilitation and correction to fulfill its statutory duties in an orderly manner.
 IV {¶ 29} Evans's sole assignment of error is overruled. The judgment of the trial court is Affirmed, without prejudice to any motion that Evans may make in the trial court to seek to correct an alleged error in his jail-time credit calculation. *Page 9 
 WOLFF, P.J., and GRADY, J., concur. *Page 1