OPINION *Page 2 
{¶ 1} Defendant-Appellant Roger Lamere ("Lamere") appeals from the January 19, 2007 Judgment Entry of Sentencing of the Allen County Court of Common Pleas, sentencing Lamere to 12 months in prison for his conviction of Theft, a felony of the fifth degree in violation of Ohio Revised Code section 2913.02(A)(1) and ordering Lamere to pay restitution in the sum of $11,047.19.
 {¶ 2} On November 29, 2006 Lamere appeared before the trial court with court-appointed counsel, waived his right to prosecution by indictment, and consented to the charges proceeding by information instead of indictment. Lamere then entered a plea of guilty to the charge of Theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1), as contained in the bill of information. After accepting Lamere's guilty plea, the trial court found Lamere guilty of Theft. Additionally, the court ordered that the Adult Parole Authority conduct a pre-sentence investigation and submit the report to the court prior to sentencing.
 {¶ 3} On January 19, 2007 the trial court conducted Lamere's sentencing hearing and ordered Lamere to serve 12 months in prison for his conviction of Theft. Additionally, the court ordered Lamere to pay restitution to Clark Oil Station in the sum of $11,047.19, to be paid through the Clerk of Courts and to pay all costs of prosecution. Lamere was granted credit for 8 days served.
 {¶ 4} Lamere now appeals, asserting one assignment of error. *Page 3 
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO CONDUCT A HEARING ON RESTITUTION.
 {¶ 5} In his sole assignment of error, Lamere argues that the trial court erred in failing to hold a hearing on restitution when he disputed the amount of restitution requested by the State.[1]
 {¶ 6} As a preliminary matter, we note that the State submits that Lamere's assignment of error should be sustained and the matter remanded to the trial court with instructions to conduct a hearing on the issue of restitution. Accordingly, we must determine whether the trial court abused its discretion in failing to conduct a hearing on restitution when Lamere disputed the amount.
 {¶ 7} An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 8} R.C. 2929.18 governs a trial court's ability to order restitution in a criminal case and provides, in relevant part, as follows:
 (A) . . . [t]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or *Page 4 combination of financial sanctions authorized under this section . . . Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a pre-sentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. (Emphasis added).
 {¶ 9} At the January 19, 2006 sentencing hearing both Lamere's counsel and counsel for the State advised the court that the amount of restitution was being disputed. Specifically, the State notified the court that it was requesting restitution in the amount of $11,047.19 and Lamere argued that the amount of restitution should be $4,233.50. The State requested that the court set a hearing on the restitution amount and give both parties enough time to adequately prepare for the hearing. Lamere's counsel also requested that the court set a restitution hearing and informed the court that, prior to said hearing, she would attempt to resolve the restitution amount with the prosecuting attorney who negotiated the plea (as it was *Page 5 
a different prosecuting attorney than was present at the sentencing) in the attempt to submit an agreed entry to the court.
 {¶ 10} Notwithstanding these requests by Lamere and the State, the trial court ordered Lamere to make restitution in the amount of $11.047.19. However, R.C. 2929.18(A)(1) expressly provides that a trial court shall hold a hearing on restitution if the victim, offender, or survivor disputes the amount. Therefore, we find that the trial court committed reversible error and abused its discretion by failing to comply with the requirements of R.C. 2929.18. See State v. Aliane, 10th Dist. No. 03AP-840, 2004-Ohio-3730 at ¶ 17.
 {¶ 11} Accordingly, we sustain Lamere's sole assignment of error. The January 19, 2007 Judgment Entry of Sentencing of the Allen County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
ROGERS, P.J., and WILLAMOWSKI, J., concur. r
[1] We note that Lamere is not appealing his 12 month prison sentence ordered by the trial court on his theft conviction. Lamere's appeal only concerns the amount of restitution ordered by the trial court and the trial court's failure to conduct a separate hearing on the amount of restitution after Lamere requested a hearing. *Page 1