OPINION *Page 2 
{¶ 1} Defendant-appellant, Shain M. Griffus (hereinafter "Griffus"), appeals the judgment entry of sentence from the Union County Court of Common Pleas placing him on three years of community control and ordering him to pay restitution in the amount of $15,000. For the reasons that follow, we reverse.
 {¶ 2} On April 29, 2008, Griffus was indicted on one count of arson in violation of R.C. 2909.03(A)(1), (B)(1)(b), a felony of the fourth degree; and one count of vandalism in violation of R.C. 2909.05(B)(2)(E), a felony of the fourth degree. On June 9, 2008, the State filed a restitution report alleging that the damage done by Griffus amounted to $15,000. On June 10, 2008, the State filed a sentencing recommendation indicating that the State would dismiss the vandalism count and that it was requesting $15,000 in restitution. However, on July 14, 2008, the State filed an amended sentencing recommendation still agreeing to dismiss the vandalism count, but requesting Griffus make restitution "in an amount to be determined."
 {¶ 3} On July 15, 2008, Griffus pled guilty to arson and the State dismissed the vandalism count. Then, on August 22, 2008, [1] the trial court placed Griffus on three years community control and ordered him to pay restitution "in the amount contained in the Restitution Report filed herein on June 9, 2008," *Page 3 
which was $15,000.
 {¶ 4} Griffus now appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING TO DETERMINE THE APPROPRIATE AMOUNT OF RESTITUTION, WHEN THE VALUE OF THE RESTITUTION WAS IN DISPUTE.
 {¶ 5} In his assignment of error, Griffus argues that the trial court erred when it failed to conduct a restitution hearing after he disputed the amount of restitution. We agree.
 {¶ 6} Before deciding the merits of Griffus' argument, we note that the State has failed to file a brief with this Court. In this situation, App. R. 18(C) states: "in determining the appeal, the Court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." We, therefore, elect to accept Griffus' statement of the facts and issues as correct pursuant to App. R. 18(C).
 {¶ 7} This Court reviews a trial court's decision to impose restitution under an abuse of discretion standard of review. State v.Lamere, 3d Dist. No. 1-07-11, 2007-Ohio-4930, ¶¶ 6-7. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Under this standard of review, *Page 4 
an appellate court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 8} R.C. 2929.18 governs financial sanctions that are imposed by a trial court, and, in pertinent part, states:
 (A) * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
R.C. 2929.18(A)(1) (emphasis added). The statute is clear that a trial court must hold a hearing on restitution if there is a dispute as to the amount of restitution. Lamere, 2007-Ohio-4930, at ¶ 10. See, also,State v. Alaine, 10th Dist. No. 03AP-840, *Page 5 2004-Ohio-3730, ¶ 17; State v. Sanner, 2nd Dist. No. 2007 CA 13,2008-Ohio-1168, ¶¶ 17-22.
 {¶ 9} At the sentencing hearing in the present case, the following conversation occurred between the State (Mr. Hord), the defense attorney (Mr. Valentine), and the court:
 The Court: Case number 08-CR-0049, State of Ohio versus Shawn — Shain M. Griffus. Does the State have — comes on for sentencing of the defendant on a guilty plea to count one, arson, in violation of Revised Code 2909.03A1B1B [sic], a felony of the fourth degree. Does the State have anything you wish me to consider?
 Mr. Hord: Your Honor, we'd ask the court to adopt and impose a jointly filed amended sentencing recommendation of July 14, 2008. * * * There is an issue here of restitution. The State of Ohio, the Department of Transportation acquired this property for 15,000. That is the amount that they submitted for their loss. And that is, I believe, was filed with the court.
 The Court: June 9th.
 Mr. Hord: On June 9th.
 The Court: Uh-huh. Okay.
 * * *
 The Court: Okay. Mr. Valentine.
 Mr. Valentine: Yes, your Honor. We would also ask the court to implement the terms of the amended sentencing recommendation providing for community control. One of the issues, and I've discussed this with Mr. Hord, is as far as the restitution, the State of Ohio did purchase that property and it is scheduled for demolition. I'm not sure where they're getting the value of the property being $15,000 unless they were planning on *Page 6 salvaging it somehow. By my understanding from talking to law enforcement was it was scheduled for demolition, which in that case I'm not sure the $15,000 is appropriate as it relates to restitution.
 The Court: I don't know.
 Mr. Valentine: I don't know either.
(Aug. 22, 2008 Tr. at 3-4). There were no other issues presented by the parties in regard to the sentencing recommendations, so the trial court continued with the sentencing hearing and placed Griffus on three years of community control and ordered him to make restitution to the victim "in the amount contained in the restitution report filed herein on June 9, 2008." (Id. at 5-7).
 {¶ 10} It is clear to this Court that the trial court erred by not holding a separate hearing to determine the amount of the restitution. The amount of restitution was clearly in dispute. Not only did the State amend its sentencing recommendation to have the amount of restitution be determined at a later date, but at the sentencing hearing, the State even admitted that there was an "issue" with the amount. In addition, Griffus' attorney told the court that he disputed the appropriate amount of restitution since it was unclear how the victim was planning on using the property at the time of the incident. The trial court was aware of this dispute, but still imposed the amount originally requested by the State in its report instead of holding a separate hearing to determine the appropriate amount. *Page 7 
 {¶ 11} Thus, pursuant to the requirements under R.C. 2929.18(A)(1), we find that the trial court committed reversible error and abused its discretion by not holding a hearing to determine the amount of restitution when Griffus, at the sentencing hearing, had disputed the amount in the State's report. Lamere, 2007-Ohio-4930, at ¶ 10, citingAlaine, 2004-Ohio-3730, at ¶ 17.
 {¶ 12} Griffus' assignment of error is, therefore, sustained.
 {¶ 13} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded
 WILLAMOWSKI and SHAW, J.J., concur.
[1] We note that the sentencing transcript indicates that the hearing occurred on August 28, 2008, but the record clearly indicates that the hearing occurred on August 22, 2008. *Page 1