[Cite as *State v. Landrum*, 2018-Ohio-1280.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA3607 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| LAWRENCE ALFRED LANDRUM | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 03/29/18** |

APPEARANCES:

Gerald W. Simmons, Cincinnati, Ohio, Timothy Young, Ohio State Public
Defender, and Randall L. Porter, Assistant Ohio State Public Defender, Columbus,
Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells,
Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

McFarland, J.

{¶1} Lawrence A. Landrum appeals the trial court's June 14, 2017 Decision

& Order which overruled his motion for new trial and new sentencing hearing

pursuant to Crim.R. 33. Having reviewed the record, we find the trial court did not

abuse its discretion in overruling Appellant's motion as it was untimely filed

pursuant to Crim.R. 33. Although the trial court addressed the merits of

Appellant's constitutional argument, we affirm the trial court's judgment

overruling his motion for new trial on different grounds. Accordingly, we overrule

his sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} A jury convicted Appellant in February 1986 of aggravated murder and

aggravated burglary of Harold White, an 84 year-old victim. The jury found two

death penalty specifications: (1) aggravated murder to escape detection for

burglary; and, (2) being the principal offender in the aggravated murder while

committing or attempting aggravated burglary. Following a sentencing hearing,

the jury recommended death, and the trial court sentenced Appellant to death.

Appellant pursued a direct appeal with this court. *State v. Landrum,* 4th Dist. Ross

No. 1330, 1989 WL 4244 (Jan. 12, 1999) (*Landrum I*). In *Landrum I,* he set forth

29 assignments of error; however, we found no merit to his arguments and

affirmed the judgment of the trial court.

{¶3} On direct appeal to the Supreme Court of Ohio, *State v. Landrum,* 53

Ohio St.3d 107, 559 N.E.2d 710 (1990) (*Landrum II*), Appellant raised 31

propositions of law. *Landrum II* contains a complete recitation of the facts

adduced as evidence at his jury trial at 53 Ohio St.3d 108-109. The Supreme Court

of Ohio affirmed Appellant's convictions with Justice Brown and Wright

concurring in part, and dissenting in part. [1]

{¶4} In May 1991, the Supreme Court of Ohio granted a stay of execution to

enable Appellant to file a petition for post-conviction relief. *State v. Landrum,* 60

Ohio St.3d 706, 573 N.E.2d 668.  In May 1996, Appellant filed his petition

pursuant to R.C. 2953.21, setting forth 45 claims for relief. *See State v. Landrum,*

4th Dist. Ross No. 98CA2401, 1999 WL 22626, (Jan. 11, 1999), (*Landrum III*).

Appellant requested an evidentiary hearing.  The State of Ohio filed a motion for

judgment, alleging that no evidentiary hearing was required and addressing each of

Appellant's claims for relief.  On December 30, 1997, the trial court entered

findings of fact and conclusions of law addressing and rejecting each of

Appellant's claims for relief.  The trial court dismissed Appellant's petition for

post-conviction relief without a hearing.  In *Landrum III* we found no merit to his

assertion that the trial court erred by dismissing his claims and by denying his

petition without an evidentiary hearing.  We affirmed the trial court's judgment.

{¶5} In September 1998, Appellant filed an App.R. 26(B) application to

reopen his appeal in the court of appeals, asserting that he had received ineffective

assistance of counsel in his original appeal.  In April 1999, this court rejected his

---

[1] Justice Brown wrote: "I agree with the majority that appellant's convictions should be affirmed.  However, I must respectfully dissent from the judgment so far as it upholds the sentence of death."  Justice Brown disagreed that the Court's independent reweighing of the aggravating circumstances against the mitigating factors in consideration of the appropriateness of the death penalty determination cured any prejudice to appellant, given the exclusion of testimony "critical to appellant's mitigation effort." *Id.* at 53 Ohio St.3d 107, 126-127.

application as untimely.  In *State v. Landrum,* 87 Ohio St.3d 315, 1999-Ohio-71, 720 N.E.2d 524, (*Landrum IV*), the Supreme Court of Ohio agreed with this court's decision that Appellant's application to reopen his appeal was untimely under App.R. 26 (B) and that Appellant had failed to show "good cause" for the untimely filing.

{¶6} Appellant next filed a petition for a writ of habeas corpus in May 1996, and an amended petition in May 1999, and a second amended petition in August 2000.  Appellant moved to expand the record to include an affidavit in support of his position that he did not procedurally default on his claim of ineffective assistance of appellate counsel.  The magistrate judge ultimately ruled in part that Ohio App.R. 26(B) was not so firmly established in Ohio's capital cases as to prevent a merits review of Appellant's ineffective assistance of counsel claims. *See Landrum v. Anderson,* 185 F. Supp.2d 868, 873 (S.D. Ohio 2002) (*Landrum V*).

{¶7} In 2005, a magistrate judge recommended granting Appellant a conditional writ on the basis of one of his ineffective assistance of counsel claims. *Landrum v. Anderson,* No. 1:96-CV-641, 2005 WL 3965399 (S.D. Ohio Nov. 1, 2005) (*Landrum VI*).  In 2006, the district court adopted the magistrate judge's report and recommendation over the Warden's objections. *Landrum v. Anderson,* No. 1:96-CV-641, 2006 WL 1027738 (S.D. Ohio Apr. 17, 2006) (*Landrum VII*). In *Landrum v. Mitchell*, 625 F.3d 905 (6th Circuit, 2010), (*Landrum VIII*), the

circuit appeals judge reversed the district court's grant of habeas corpus on the basis of ineffective assistance of counsel.

{¶8} On January 12, 2017, Appellant filed a motion for leave to file a motion for a new mitigation trial and motion for new mitigation trial.  Based on the United States Supreme Court decision in *Hurst v. Florida*, 136 S.Ct. 616, 84 USLW 4032 (2016).  Appellant's motion requested leave to file his motion for new mitigation trial because, under Crim.R. 33(A)(1)(4), and (5), there was an irregularity in the proceedings; the verdict was contrary to law; and an error of law occurred at Appellant's trial.  Appellant cited *Hurst* as controlling authority that the Ohio death penalty statutes under which he was sentenced in 1986 were unconstitutional.  On February 16, 2017, the State filed a response to Appellant's motion for leave and motion for new trial.  On March 3, 2017, Appellant filed a reply in support of his motion for leave.

{¶9} On June 14, 2017, the trial court found that Appellant had failed to provide any evidence that the sentencing recommendation was conducted in a manner inconsistent with the Ohio death penalty statutes.  Appellant's motion for a new trial was found not well taken and overruled.  This timely appeal followed.

ASSIGNMENT OF ERROR

"I. THE TRIAL ERRED WHEN IT DENIED LANDRUM'S
MOTION FOR A NEW TRIAL."

## STANDARD OF REVIEW

**{¶10}** Trial courts ordinarily possess broad discretion when ruling on a defendant's motion for leave to file a new trial motion. *State v. Bennett,* 4th Dist. Scioto No. 16CA3765, 2017-Ohio-574, ¶ 9; *State v. Waddy*, 10th Dist. Franklin No. 15AP–397, 2016–Ohio–4911, ¶ 20; *State v. Hill,* 8th Dist. Cuyahoga No. 102083, 2015–Ohio–1652, ¶ 16, citing *State v. McConnell,* 170 Ohio App.3d 800, 2007–Ohio–1181, 869 N.E.2d 77, ¶ 19 (2nd Dist.); *State v. Clumm,* 4th Dist. Athens No. 08CA32, 2010–Ohio–342, ¶ 14; *State v. Pinkerman,* 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist.1993).  An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland,* 140 Ohio St.3d 73, 2014–Ohio–1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008–Ohio–4493, 894 N.E.2d 671, ¶ 23.  A trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012–Ohio–2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *State v. Darmond,* 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶ 34.  We are

mindful, however, that no court has the authority, within its discretion, to commit an error of law. *State v. Boone,* 2017-Ohio- 843, 85 N.E.3d 1227, (10th Dist.), ¶ 9, citing *State v. Moncrief,* 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7. *See also 2-J Supply Co. Inc. V. Garrett & Parker, LLC,* 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, ¶ 9.

## LEGAL ANALYSIS

{¶11} Appellant frames his issue presented for review as follows:  Is Ohio's death penalty scheme unconstitutional under *Hurst v. Florida,* 136 S.Ct. 616, 84 USLW 4032 (2016).  In *Hurst,* the United States Supreme Court, Justice Sotomayor, held that Florida's capital sentencing scheme, under which an advisory jury makes a recommendation to a judge, and the judge makes the critical findings needed for imposition of a death sentence, violates the Sixth Amendment right to trial.  Appellant argues Ohio's capital sentencing statute, R.C. 2929.03, like the unconstitutional Florida statute, vests sentencing authority in the trial judge who makes specific, independent findings that are required to sentence a defendant to death.  Appellant concludes that Ohio's sentencing scheme is "remarkably similar" to the pre-*Hurst* Florida statute and suffers the same constitutional deficiencies.  For these reasons, Appellant requests that the decision of the trial court be reversed, his sentence be vacated, and the matter be remanded for a new mitigation trial.

{¶12} However, in response, Appellee begins by pointing out Appellant's motion for leave to file a motion for new trial was filed on January 12, 2017. Appellee asserts Appellant's motion is untimely pursuant to Crim.R.33 (B). Appellee directs our attention to the Seventh District's decision in *State v. Mundt,* 7th Dist. Noble No. 17NO0446, 2017-Ohio-7771.

{¶13} In *Mundt,* the appellate court found that despite the *Hurst* decision, Mundt was capable of raising the same argument prior to *Hurst* relying on other cases for support, such as *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Ring v. Arizona,* 536 U.S. 583, 122 S. Ct. 2428 (2002). The appellate court found Mundt's motion for leave to file a motion for new trial was untimely. Appellee argues Appellant, like Mundt, filed his motion a year after *Hurst* was decided and that a year was not a reasonable time to evaluate *Hurst* and seek relief pursuant to its holding. Appellee concludes that Appellant has failed to show he was unavoidably prevented from filing his motion prior to January 2017.

{¶14} We begin by reviewing the applicable rule. Crim.R. 33, new trial, provides in pertinent part:

> "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

* * *

(4) That the verdict is not sustained by sufficient evidence or is contrary to law * * *

(5) Error of law occurring at the trial * * *.

(B) Motion for New Trial; Form, Time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, *unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial,* in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein." (Emphasis added.)

Appellant has argued that his motion was not untimely in that:

1. The trial court sentenced him to death in April 1986 and given that *Apprendi* was not decided until 2000 and *Ring* in 2002, Appellant could not have filed his motion for a new sentencing trial encompassing the *Hurst* decision within fourteen days of the jury's verdicts or the trial court's imposition of sentence;

2. Prior to *Hurst*, the Ohio Supreme Court repeatedly held that the Ohio Supreme Court's sentencing procedure was identical to Florida's and not until *Hurst* would the Supreme Court of Ohio have given meaningful reconsideration to the *Hurst* issue; and,

3. He could not have filed a motion based on *Hurst* prior to January 12, 2017 because *Hurst* is a complex decision which takes time to digest and understand.

{¶15} For the reasons which follow, we find Appellant's arguments are without merit. After extensive review of the Ohio case law discussing the *Hurst* decision, we are guided by the well-reasoned *Mundt* decision as persuasive

authority for us to find that Appellant's motion was not timely filed.  Mundt

conceded that his motion was filed well outside the time requirements set forth in

the criminal rule and, as such, was required to obtain leave of court to file his

motion for new trial.  The appellate court therefore construed the narrow issue

before the trial court as whether Mundt was "unavoidably prevented in filing a

timely motion for a new trial." *Id.* at 6.  In *Bennet, supra,* at ¶ 7, we observed:

> "[A] party is unavoidably prevented from filing a motion for a new
> trial if the party had no knowledge of the existence of the ground
> supporting the motion for new trial and could not have learned of the
> existence of that ground within the time prescribed for filing the
> motion for new trial in the exercise of reasonable diligence." *State v.*
> *Walden,* 19 Ohio App.3d 141, 146, 483 N.E.2d 859 (10th Dist.1984);
> *State v. Wilson,* 2nd Dist. Montgomery No. 23247, 2009–Ohio–7035,
> ¶ 8."

**{¶16}** Whether or not Appellant was unavoidably prevented from filing a

motion for new mitigation trial, based upon the constitutional argument he is now

making, is the precise issue before this court.  Appellant was sentenced to death in

1986.  Mundt was sentenced to death subsequent to a crime committed in 2004.

Mundt claimed he was unavoidably prevented from filing a motion because *Hurst*

was decided by the United States Supreme Court over 11 years after he was

sentenced to death.  However, the Seventh District Court disagreed.  The *Mundt*

court cited *State v. Roberts,* 150 Ohio St. 3d 47, 2017-Ohio-2998, 78 N.E.3d 851,

in support of the conclusion that Mundt, like Roberts, could have made his

argument regarding the constitutionality of Ohio's death penalty sentencing

scheme prior to the release of the *Hurst* decision.

{¶17} Roberts was convicted and sentenced to death for the 2001 aggravated

murder of her ex-husband. After her sentence was vacated a second time, she was

again sentenced to death. In reviewing her assignments of error, the Supreme

Court of Ohio declined to consider her constitutional claim, raised for the first time

at oral argument, that the Ohio sentencing procedure violated *Hurst*. In doing so,

the Supreme Court observed at ¶ 84:

> "We recognize that the United States Supreme Court decided *Hurst*
> after the submission of briefs in this case, but Roberts could have
> made essentially the same Sixth Amendment argument by relying on
> *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and
> *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428 (2002)."

{¶18} The *Mundt* court also cited *State v. Belton,* 149 Ohio St.3d 165, 2016-

Ohio-1581, 74 N.E.3d 319, ¶ 59-60, for the Supreme Court of Ohio's recognition,

even prior to the *Roberts* decision, that Ohio's death penalty statute is

fundamentally different from those in Florida, pre-*Hurst*.[2] Belton was convicted

pursuant to a no-contest plea of capital murder and aggravated robbery and was

sentenced to death. In his appeal of right, Ohio's highest court held that the

---

[2] Appellant and others have repeatedly characterized the pre-*Hurst* Florida death penalty statute and the current Ohio death penalty statute as "remarkably similar." However, the recent decision in *Gapen v. Robinson*, No. 3:08-CV-280, 2017 WL 3524688, (S.D. Ohio), *3, observed: "*[State v.] Rogers* held that the statutes were similar in that neither Florida nor Ohio has a 'sentencing jury;' instead the imposition of the sentence is imposed by the trial judge. *Rogers,* 28 Ohio St.3d at 430. *[State v.]Rogers* did not hold that Ohio's statute was 'remarkably similar' to Florida's in terms of the judge's ability to impose the death penalty independent of crucial factual findings by the jury." The opinion further stated at *3: "[The Magistrate] properly chastised Gapen for 'ripping language out of context and using it to prove a proposition not intended by the author.' "

statutory scheme governing hearing before a three-judge panel on plea of no

contest to a capital offense did not implicate Belton's right to jury trial under

*Apprendi* and *Ring.* The *Belton* court wrote at paragraphs 56 and 57:

> "In support of his constitutional claim, Belton cites two United States
> Supreme Court decisions: *Apprendi v. New Jersey*, 530 U.S. 466, 120
> S.Ct. 2348 (2000), and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428
> (2002). In *Apprendi*, the Supreme Court held that "the Sixth
> Amendment does not permit a defendant to be 'expose[d] * * * to a
> penalty exceeding the maximum he would receive if punished
> according to the facts reflected in the jury verdict alone.' " (Emphasis
> and brackets sic.) *State v. Davis,* 116 Ohio St.3d 404, 2008-Ohio-2,
> 880 N.E.2d 31, ¶ 189, quoting *Apprendi* at 483, 120 S.Ct. 2348. Thus,
> "[o]ther than the fact of a prior conviction, any fact that increases the
> penalty for a crime beyond the prescribed statutory maximum must be
> submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*
> at 490, 120 S.Ct. 2348."

> "Two years later, in *Ring*, the Supreme Court applied the *Apprendi*
> rule to invalidate Arizona's capital-sentencing scheme. Under
> Arizona's former scheme, "following a jury adjudication of a
> defendant's guilt of first-degree murder, the trial judge, sitting alone,
> determine[d] the presence or absence of the aggravating factors
> required by Arizona law for imposition of the death penalty."
> (Brackets sic.) *Ring* at 588, 122 S.Ct. 2428. *Ring* declared this system
> unconstitutional, because the aggravating factors operated as " 'the
> functional equivalent of an element of a greater offense.' " Id. at 609,
> 122 S.Ct. 2428, quoting *Apprendi* at 494, fn. 19, 120 S.Ct. 2348. The
> Supreme Court explained that because the finding of an aggravating
> circumstance made a defendant eligible to receive the death penalty,
> the jury must also determine whether the state met its burden of proof
> as to that element. *Id.,* overruling *Walton v. Arizona,* 497 U.S. 639,
> 110 S.Ct. 3047 (1990)."

{¶19} The *Belton* decision continued at paragraphs 59 and 60:

> "Ohio's capital-sentencing scheme is unlike the laws at issue in *Ring*
> and *Hurst.* In Ohio, a capital case does not proceed to the sentencing

phase until after the fact-finder has found a defendant guilty of one or more aggravating circumstances. *See* R.C. 2929.03(D); R.C. 2929.04(B) and (C); **337 *State v. Thompson,* 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 147. Because the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence, it is not possible to make a factual finding during the sentencing phase that will expose a defendant to greater punishment. Moreover, in Ohio, if a defendant is tried by a jury, then the judge cannot impose a sentence of death unless the jury has entered a unanimous verdict for a death sentence. R.C. 2929.03(D)(2).

Federal and state courts have upheld laws similar to Ohio's, explaining that if a defendant has already been found to be death-penalty eligible, then subsequent weighing processes for sentencing purposes do not implicate *Apprendi* and *Ring.* Weighing is not a fact-finding process subject to the Sixth Amendment, because "[t]hese determinations cannot increase the potential punishment to which a defendant is exposed as a consequence of the eligibility determination." *State v. Gales,* 265 Neb. 598, 628, 658 N.W.2d 604 (2003); *see, e.g., State v. Fry,* 138 N.M. 700, 718, 126 P.3d 516 (2005); *Ortiz v. State*, 869 A.2d 285, 303–305 (Del.2005); *Ritchie v. State,* 809 N.E.2d 258, 268 (Ind.2004). Instead, the weighing process amounts to "a complex moral judgment" about what penalty to impose upon a defendant who is already death-penalty eligible. United *States v. Runyon,* 707 F.3d 475, 515–516 (4th Cir.2013) (citing cases from other federal appeals courts)."

{¶20} Further support for Appellee's position that, based on the *Apprendi* and *Ring* decisions, Appellant's motion was untimely is provided in *Campbell v. Jenkins,* No. 2:15-CV-1702, 2017 WL 3524686, (S.D. Ohio). There, the district judge observed at *8:

"As several courts have pointed out, *Hurst* simply applied the principles laid down many years ago in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428 (2002)—that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. *See Hutton v. Mitchell,* 839 F.3d 486, 499 (6th Cir.2016) (explaining that *Hurst* "reiterated" *Apprendi's* holding, and "rel[ied] on *Ring*."); *Sneed v. Jenkins,* No. 5:17-cv-83, 2017 WL 564821, at *4 (N.D. Ohio Feb. 13, 2017) ("The Supreme Court in *Hurst* plainly and expressly applied the standard it first set forth in *Apprendi* ... and later applied to capital cases in *Ring* ... to Florida's capital-sentencing scheme; it neither expanded the *Apprendi/Ring* rule nor announced a new rule."); *State v. Mason,* ——N.E.3d ——, 2016-Ohio-8400, ¶ 42 ("Hurst did not expand *Apprendi* and *Ring*.")."

**{¶21}** Appellant, however, contends that the *Mundt* case, as well as *Campbell,* directed to our attention by Appellee, are easily distinguishable. Appellant contends that the C*ampbell* decision came before the court on a successive federal habeas petition. The first one was filed in 1996 and as such, there was no way he could have included a *Hurst*-like claim. As for Mundt, he was sentenced to death for a crime committed in 2004. Mundt, unlike Appellant, could have raised the *Hurst* issue in his direct appeal, application for reopening, and post-conviction petition. Appellant points out *Apprendi* and *Ring* were decided after he filed his direct appeal, post-conviction petition and habeas petition.

**{¶22}** While Appellant is correct in distinguishing the cases in this manner, he overlooks the fact that Appellant's appeal comes before us on the overruling of a motion for new trial. In reaching its decision, the *Mundt* court emphasized that Mundt filed his motion for leave over eight months after *Belton* and a year after

*Hurst.* The appellate court wrote: "Contrary to the assertions in counsel's affidavit, this was not a reasonable time after *Hurst* was decided to evaluate its import and seek relief pursuant to that holding." *Mundt, supra,* at ¶ 11. In Appellant's case, Appellee has emphasized that Appellant's motion for leave was filed approximately one year after *Hurst* and almost a full nine months after *Belton*.

{¶23} Appellant also criticizes the holding in *Belton* as dicta, given that *Belton* involved a defendant who waived his right to jury trial and was sentenced by a three-judge panel, and the *Hurst* issue had not definitively analyzed by the Supreme Court of Ohio. However, we are similarly guided, as was the appellate court in *State v. Mason,* 3rd Dist. Marion No. 9-16-34, 2016-Ohio-8400, to acknowledge *Belton* as persuasive authority.

{¶24} In *Mason,* the appellate court reversed the trial court's grant of a motion to dismiss the death penalty certification from Mason's indictment for murder on the grounds that the death penalty statute was unconstitutional. The appellate court held that the death-penalty statute in effect at the time of defendant's crimes did not violate the Sixth Amendment.[3] The appellate court observed at ¶ 35:

---

[3] The *Mason* court observed that "Although Ohio's death penalty statute was amended * * * between the time that Mason committed his crimes, and 2008, the time that Belton committed his crimes, those amendments do not impact the applications of *Hurst* to Ohio's death penalty statute. *Compare* R.C. 2929.03 (1981) with R.C. 2929.03 (2008). *Compare* R.C. 2929.04 (19810) with R.C. 2929.04 (2002)." *Mason, supra,* at Fn. 11. Similarly, although 2929.03

"Even if we are to accept as true the trial court's conclusion that the Supreme Court of Ohio's application of *Hurst* in *Belton* is merely dicta, *Belton* is highly persuasive. At the very least, the Supreme Court of Ohio's discussion of *Hurst* in *Belton* "sheds some light on how the majority of our highest court might rule on" the specific issue presented by this case." *Mason, supra,* quoting *State v. Blankenburg*, 197 Ohio App. 3d 201, 2012-Ohio-1289, 966 N.E. 2d 958 (12th Dist.) at 143."[4]

{¶25} Finally, Appellant argues that because the trial court reached the merits of his motion for new sentencing trial, Appellee is asking this court to substitute its judgment for that of the trial court. We do not find this argument persuasive. "The affirmance of a judgment by a reviewing court is not an affirmance of the reasons given by the lower court for its rulings," and "[r]eviewing courts affirm and reverse judgments, not reasons." *State v. Rubes,* 2012-Ohio-4100, 32, quoting *State v. Eschenauer,* 11th Dist. No. 12–237, 1988 WL 121296, *4 (Nov. 10, 1988). An appellate court may affirm a trial court's decision to deny a motion for leave to file a motion for new trial for different reasons other than those expressed by the trial court. *State v. Boone,* 2017-Ohio-

---

was again amended, effective April 6, 2017, and 2929.04 was again amended effective October 12, 2016, those amendments have no impact as to the applications of *Hurst* in Appellant's case.

[4] Appellant has urged that the Supreme Court of Ohio has the *Hurst* issue before it in *Mason, supra*; *State v. Ford,* 148 Ohio St.3d 1419; *State v. Jackson*, 151 Ohio St.3d 1422, 2017-Ohio-8371, 84 N.E.3d 1061; *State v. Kirkland,* 145 Ohio St.3d 1455; and *State ex rel. O'Malley v. Collier-Williams,* 150 Ohio St.3d 1405, 2017-Ohio-6964, 78 N.E.3d 907. Appellant suggests in the interest of judicial economy, we hold our decision until after these cases have been decided, and possible additional briefing has occurred. As of the drafting of this opinion, Jackson's application for reopening has been denied. In *Kirkland,* 145 Ohio St.3d 1455, 2016-Ohio-2807, 49 N.E.3d 318 (Table) the Supreme Court briefly held: "On motion for order or relief. Motion granted. Cause remanded for new mitigation and sentencing hearing." Regarding *Kirkland,* the recent *Gapen* decision, *supra*, commented at *6: "In the view of this Court, *Kirkland* does not necessarily give rise to an inference that the Ohio Supreme Court would find that Hurst applies retroactively. In any event, even if the Ohio Supreme Court did find that *Hurst* applies retroactively, it appears that the decision in *Belton*, noting the critical differences between the capital sentencing schemes in Ohio and Florida, would foreclose the relief that Gapen seeks." As of the drafting of this opinion, the other cases remain pending before the Supreme Court.

843, 85 N.E.3d 1227 (10th Dist.), ¶ 5. Given that Appellant's motion was untimely filed, the trial court did not abuse its discretion in overruling it.

{¶26} Based upon the foregoing, we find no merit to Appellant's sole assignment of argument and we find no abuse of discretion. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., concurs with concurring opinion:

{¶27} Initially, I find it doubtful that Crim.R. 33(A) is the appropriate mechanism for Landrum's effort to obtain a new trial/sentencing hearing. Crim.R. 33 governs motions for new trial and sets forth the grounds for obtaining that relief. As the Tenth District pointed out in *State v. Ingram*, 10th Dist. Franklin No. 08AP-937, 2009-Ohio-2755, none of the grounds in Crim.R. 33(A) specifically refer to a subsequent Supreme Court of the United States decision recognizing a new state or federal right that changes the law in effect at the time of the movant's conviction. *Id.* at ¶ 15. As both *Ingram* and *State v. Jackson*, 2018-Ohio-276, __ N.E.3d __, ¶ 17 (8th Dist.) indicate, cases applying Crim.R. 33(A) more appropriately involve rulings that were erroneous at the time the case was being tried; they do not deal with subsequent changes in the law. As the court in *Jackson* observed, "[i]ndeed, an error based on changes in the law that occurred after trial obviously could not have occurred during trial." *Id.* at ¶ 17. And as *Jackson* also pointed out, claims based upon newly recognized federal or state rights are appropriate under Ohio's statute for post-conviction relief, R.C. 2953.23(A). *Id.* at ¶ 19.

{¶28} Nonetheless, I agree that Landrum's motion for leave was untimely as he clearly could have made the same motion much earlier by simply relying upon

the principles established in *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Ring*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556.

{¶29} Likewise, I conclude the trial court correctly denied Landrum's motion for a new trial/sentencing on the merits after implicitly granting the motion for leave. As both state and federal courts have recently indicated, the Ohio procedure and Florida's are not the same, with the result that Ohio's passes muster under the *Apprendi*, *Ring*, and *Hurst*, __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504, chain of cases. *See State v. Belton*, 149 Ohio St.3d. 165, 2016-Ohio-1581, 74 N.E.3d. 319, ¶ 59-60 (dicta), *State v. Carter*, 1st Dist. Hamilton No. C-170231, 2018-Ohio-645, ¶ 8; *Gapen v. Robinson*, S.D. Ohio No. 3:08-CV-280, 2017 WL 3524688 (Aug. 14, 2017).

{¶30} And as *Gapen* proclaims, *Hurst* does not announce a new rule of rule, nor is it entitled to retroactive application to cases on collateral review.

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:    Concurs with Concurring Opinion.
Hoover, P.J.:  Concurs in Judgment Only.

For the Court,

BY:    _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**